THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM F. SCHOENECK, Defendant-Appellant.

Third District    No. 76-33

Opinion filed October 19, 1976.

Braud, Warner, Neppl & Westensee, Ltd., of Rock Island (Dennis A. DePorter, of counsel), for appellant.

David DeDoncker, State's Attorney, of Rock Island (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial, defendants, William Schoeneck and Daniel Ervin were found guilty of burglary. This appeal is only by defendant William Schoeneck from his conviction and sentence from 4 to 12 years in the penitentiary imposed by the circuit court of Rock Island County.

On January 30, 1975, Moline police officers received a report that the doors on the Bond Walgreen Drug Store had been forced open. Several squads responded to the call and although a search of the first floor premises revealed no persons present and no merchandise disturbed, a further search of the basement did produce the discovery of the defendants Schoeneck and Ervin. Both were found guilty by a jury of burglary.

On this appeal defendant William Schoeneck assigns two errors. First, the court improperly declined to give the full circumstantial evidence instruction as recommended by Illinois Pattern Jury Instructions—Criminal No. 3.02 and second, the trial court improperly refused to direct an examination of the defendant to ascertain whether he was addicted to the use of drugs. The IPI—Criminal No. 3.02 provides:

> "Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial

evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The trial court declined to give the second paragraph of the instruction in accord with the recommendation of the drafters of the instruction that the second paragraph should be given only if all of the evidence was circumstantial evidence. See Committee Note, IPI—Criminal No. 3.02.

■■ Since the defendant was actually apprehended in the building with which he was charged for illegally entering, we deem this evidence direct evidence of the offense charged. It seems to be defendant's major thrust that the element of intent is supported solely by circumstantial evidence and this provides the needed support for requiring the entire instruction to be given. We do not agree with such contention. It is true that each element of the offense must be proved beyond a reasonable doubt, but it does not follow that this standard requires that each element be supported by some direct evidence if the instruction in full is not to be given. (*People v. Merkel*, 23 Ill. App. 3d 298, 319 N.E.2d 77.) Mental state is an element which is usually only shown by circumstantial evidence, but there would seem to be no special reason for requiring the jury be given the entire instruction. As has been observed in other cases, the second paragraph speaks more in the language of reasonable doubt and the reason for giving the instruction is to emphasize the State's burden in those cases where the character of the evidence would require more caution by the jury in the assessment of the evidence. See *People v. Russell*, 17 Ill. 2d 328, 161 N.E.2d 309.

Defendant's second assignment of error involves two statutory provisions. The first (Ill. Rev. Stat. 1975, ch. 91½, par. 120.10) provides:

"If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the Department. * * *

If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the Department to determine whether he is an addict and is likely to be rehabilitated through treatment. The Department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment. * * *"

The second (Ill. Rev. Stat. 1975, ch. 91½, par. 120.8) provides:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless * * * (d) other criminal proceedings alleging commission of a felony are pending against the addict * * *."

Defendant was convicted of burglary in June 1975 and was sentenced to the penitentiary in December 1975. During this interval there are two events which took place relevant to this appeal. First, defendant filed his petition stating that he was a drug addict, requesting examination, treatment and probation pursuant to the statutory provisions quoted above. Second, defendant was charged with an unrelated felony. (This felony was later dropped after the sentence was imposed in the instant case.)

The trial court declined to grant the defendant's petition purporting to elect treatment as a drug addict. The court found first that the defendant was not a drug addict. Second, the court felt that it did not have to order an examination of the defendant by the Department of Mental Health. And third, the defendant was not eligible for treatment because of the unrelated felony charge.

Conceding that the statutory provisions do not entitle the defendant to the right of treatment and probation, the defendant nevertheless argues he was entitled to an examination as a consequence of his election to undergo treatment. The issue of whether and to what extent the statutory provisions are discretionary is not an issue on this appeal. (See *People v. Dill*, 23 Ill. App. 3d 503, 319 N.E.2d 240.) However such provisions are viewed, the defendant must initially be eligible for treatment in so far as compliance with conditions unrelated to his addiction and the prospects for successful treatment are concerned.

■■ If, as in the instant case, the defendant is ineligible for treatment and probation because of a pending felony charge, we find no basis for interpreting the statute as requiring an examination. To so interpret the statute would require a useless act insofar as the statutory scheme of treatment and rehabilitation is concerned. Even if defendant was found to be a drug addict and even if treatment was recommended, nevertheless, the eligibility section of the statute would bar any such disposition of defendant's case. We fail to see how such an examination would be of any benefit to the defendant and the court.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.