THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLARENCE TINSLEY, Defendant-Appellant.

Third District    No. 77-110

Opinion filed November 30, 1977.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

On July 20, 1976, in the Circuit Court of Peoria County, defendant Clarence Tinsley entered a negotiated guilty plea to a charge of delivery of a controlled substance. Defendant acknowledged the voluntariness of his plea, and the court determined that he understood the nature of the charge against him. The court explained the minimum and maximum sentences and the mandatory parole term involved.

The court also determined that there was a factual basis for defendant's guilty plea, it appearing that on April 11, 1975, defendant sold .2 grams of heroin to two undercover officers of the Peoria police department for $50. After appropriate admonishments the court accepted the guilty plea.

At the sentencing hearing on September 7, 1976, the State recommended a prison term of one to three years, and defense counsel recommended probation. The court sentenced defendant to a two- to ten-year prison term. Following sentencing, the court admonished defendant in accordance with Supreme Court Rule 605(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b)). Within 30 days defendant, through counsel, filed a motion for reduction of sentence which was treated as a motion for leave to withdraw guilty plea and vacate the judgment of conviction.

A hearing on the motion was held on December 9, 1976, at which time the court informed defense counsel that, on November 29, a copy of the report of proceedings had been sent to the defendant in prison. Defendant was not present at this hearing. Defense counsel declined to argue the motion, which had been filed for the sole purpose of preserving appeal of the sentencing question, and stated in open court that the motion was "ridiculous because the court had already had a chance to review everything and presumably would not change its mind." The motion was denied.

On appeal, defendant requests that we remand his cause for a hearing on the motion because his attorney did not file a certificate in compliance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)). His position is that without this certificate there is nothing to show that counsel ever consulted with him concerning his motion or that counsel examined the report of proceedings. Defendant claims that as a consequence he was denied effective assistance of counsel, especially since he was not in personal attendance at the December 9 hearing. The State's position is that the appeal should be dismissed because the motion to reduce sentence did not constitute a motion to withdraw a guilty plea.

The Illinois Supreme Court has held in *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46, and more recently in *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254, that a motion to withdraw a guilty plea and vacate the judgment is a condition precedent to an appeal. *Stacey* specifically

held that such a motion was necessary where the defendant seeks only to appeal the sentence entered on his guilty plea. In that case the court said, "To permit a defendant to appeal only the sentence without removing the plea would vitiate the agreement he entered into with the State."

Defendant, however, argues that if the motion to reduce sentence filed in the trial court was not a motion to withdraw then he was clearly denied effective assistance of counsel. In this connection he relies on *People v. Meacham* (1977), 53 Ill. App. 3d 762, 368 N.E.2d 400, which held that defense counsel's failure to perfect an appeal stemming from his failure to file a motion to withdraw constituted a denial of defendant's constitutional right to effective assistance of counsel.

■■ We do not think *Meacham* is applicable to the present case. The trial court apparently treated defendant's motion to reduce sentence as a motion to withdraw the guilty plea, and we shall do the same.

■■ Regarding defense counsel's failure to file a 604(d) certificate in the trial court, we note that the appellate courts disagree as to whether strict compliance with Rule 604(d) is essential. *People v. Samuels* (5th Dist. 1976), 42 Ill. App. 3d 642, 356 N.E.2d 563, held that Rule 604(d) requires strict compliance, but, more recently, in *People v. Norris* (1st Dist. 1977), 46 Ill. App. 3d 536, 361 N.E.2d 105, the court held that substantial compliance with the rule was sufficient. In our view, since a 604(d) certificate may be filed during the appeal, the failure to file a certificate does not automatically constitute a denial of effective assistance of counsel. *People v. Chesnut* (3d Dist. 1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185.

■■ ■ Defendant argues that such failure constitutes a denial of effective assistance in this case because he was not present at the time the motion was heard. We do not believe that the defendant's absence from the December 9 hearing is indicative of ineffective assistance by counsel, even when coupled with his attorney's decision not to argue the motion. To begin with, the motion to withdraw did not allege ineffective assistance of counsel as a basis for the motion. Further, the defendant was present in court when he was sentenced and could easily have voiced his displeasure over his attorney's performance, but did not. Under similar circumstances we have held that the issue of effective assistance of counsel is waived. (*People v. Thompson* (4th Dist. 1977), 50 Ill. App. 3d 51, 365 N.E.2d 255.) In addition, the record clearly indicates that the sole purpose of the motion to reduce sentence, which in this case was treated as a motion to withdraw, was to preserve the sentencing question for review. Counsel's decision not to argue this motion appears to have been purely tactical and therefore cannot be successfully urged as an indication of his ineffectiveness. (See *People v. Joseph* (3d Dist. 1977), 46 Ill. App. 3d 835, 361 N.E.2d 368.) Consequently, even if defendant had preserved this

issue for review, he has not established that his attorney's performance at the hearing on the motion was inadequate.

■■ Of course, defendant has waived any objection he may have had concerning the actual sentence by failing to raise it on this appeal. The sole issue before us is whether the cause should be remanded due to counsel's ineffectiveness regarding the motion to withdraw. Yet, as we have indicated, defendant has failed to demonstrate such ineffectiveness, and therefore remanding this case would not be appropriate. See *People v. Griggs* (5th Dist. 1977), 51 Ill. App. 3d 224, 366 N.E.2d 581.

Accordingly, the judgment and sentence of the Circuit Court of Peoria County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.