THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERB L. WARD, Defendant-Appellant.

Second District   No. 76-360

Opinion filed December 8, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On February 3, 1976, the defendant herein was indicted for two separate offenses of burglary. After plea negotiations the defendant appeared in open court together with his counsel. At that time the defendant stated to the court that he was participating in a methadone

program but he nonetheless fully understood the nature of the proceedings then pending. The defendant then withdrew one of his not-guilty pleas and entered a negotiated plea of guilty to the charge that he had burglarized the building of Richard H. Salmon on December 25, 1975. It was stipulated that there was no agreement as to the sentence but that at the time of sentencing the second burglary charge would be nolle prossed, without prejudice to the State's right to bring that case in for consideration for the purpose of sentencing. On March 30, 1976, the cause came on for hearing for the purpose of sentencing and at that time the trial court was advised that the defendant had been treated under various programs for his drug problem. The presentence investigation disclosed a letter from the Aurora Area Drug Abuse Project and a letter from the State of Illinois Department of Mental Health, Drug Abuse Program Section. Both facilities agreed to work with the defendant in the event the court would order such treatment. At the time of sentencing the defendant was a resident at Safari House in Chicago, a treatment facility approved by the Illinois Drug Abuse Commission. The trial court thereupon sentenced the defendant to a period of 2-6 years in the Illinois State Penitentiary, observing that "these drug programs or anything like that are eligible to people coming out of prison as well as people diverted from prison, so I hope the same opportunities will be available to Herb when he comes out as he is now—or that are available now." The court advised the defendant that he had a right to file a motion to set aside his plea and sentence and that the motion should be in writing, stating the reason for setting the same aside. The court further advised the defendant that if the motion to set aside were granted both burglary charges would be reinstated and he would be subject to trial on both cases. The defendant then asked the court to be allowed to remain on the methadone program at Safari House and requested,

"* * * would it be possible where I could detox like a couple of weeks on it so I wouldn't get sick on it?"

The judge advised him that he should inform the prison authorities of defendant's particular situation and they would consider it in his incarceration.

In this appeal the defendant has actually raised five issues: (1) whether the defendant was eligible for sentencing as an addict under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.1 *et seq.*); (2) whether the court should have placed the defendant upon probation upon his election to submit to treatment and acceptance for treatment by the Department of Mental Health under the Dangerous Drug Abuse Act; (3) whether trial counsel properly presented the issue of defendant's eligibility for treatment as an addict under the Dangerous Drug Abuse Act in his motion to vacate the judgment and withdraw his

guilty plea; (4) whether the trial court erred in failing to require counsel to comply with the dictates of Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)) in regard to filing defense counsel's certificate therein provided for; and (5) whether the provisions of section 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.10) mandate that the trial court refer the defendant to the Department of Mental Health for an examination before the judge exercises his discretion as to imprisonment or treatment under the Dangerous Drug Abuse Act.

■■ We consider the fourth issue first. Upon motion this court granted leave to the State to file defense counsel's certificate in compliance with Supreme Court Rule 604(d). This document has been filed and indicates that all of the prerequisites set forth in 604(d) as to such certificates were complied with in the proceedings below. Defendant contends, in substance, that the certificate of compliance may not be filed during the pendency of an appeal and in support of this argument has cited *People v. Samuels* (5th Dist. 1976), 42 Ill. App. 3d 642, 356 N.E.2d 563. We do not find that *Samuels* so holds. The court in *Samuels* was faced with a situation in which there was no transcript made of the hearing on the motion to withdraw the guilty plea and there was nothing in the record to indicate whether there had been any compliance with Rule 604(d). In addition, we note that the Fifth District appellate court has recently rejected the contention that *Samuels* stands for the proposition advanced by defendant. In *People v. Hultz* (5th Dist. 1977), 51 Ill. App. 3d 663, 366 N.E.2d 897, the court held that filing a certificate during the pendency of the appeal satisfied the requirements of Rule 604(d) when the appropriate actions have been taken in the trial court. Two other appellate courts of this State have reached the same conclusion. (*People v. Hummel* (4th Dist. 1977), 48 Ill. App. 3d 1002, 365 N.E.2d 122; *People v. Chesnut* (3d Dist. 1977), 47 Ill. App. 3d 324, 361 N.E.2d 1185.) We find nothing inconsistent with these cases in our case of *People v. Thompson* (2d Dist. 1977), 47 Ill. App. 3d 346, 361 N.E.2d 1169. That case is clearly distinguishable from the situation herein. In *Thompson* the State confessed error because the trial counsel did not consult with his client as required by Rule 604(d). In the case before us the certificate indicates that there was in fact such consultation between the trial counsel and his client before the hearing was held on the motion to vacate the guilty plea. We therefore hold, as have the other appellate courts of this State, that although the certificate of compliance required by Rule 604(d) should be filed in the trial court prior to the hearing on the motion to withdraw the guilty plea, we will allow the filing of such a certificate to supplement the record during the pendency of the appeal. We further hold that where the record, including the certificate, indicates that the requirements of Rule 604(d) have been met and the purposes to be served by the certificate

have been fulfilled, the failure to file such a certificate in the trial court is not reversible error. We find that to be the situation herein.

■■ We turn then to the question of whether or not the defendant was in fact eligible for sentencing as an addict under the Dangerous Drug Abuse Act. We find that he was not so eligible. Section 8 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1975, ch. 91½, par. 120.8) specifically provides, in pertinent part, that a defendant who seeks to elect treatment under the Act cannot do so when "other criminal proceedings alleging commission of a felony are pending against the addict." Examination of the record herein discloses that at the time of the sentencing of defendant herein there was, in fact, another felony, to-wit: a burglary charge, pending against the defendant which was not nolle prossed until after the defendant was sentenced in the instant case. The defendant, therefore, was not eligible for treatment under the Act pursuant to the provisions of section 8. See *People v. Bournes* (2d Dist. 1977), 55 Ill. App. 3d 237, 370 N.E.2d 1230.

■■ Additionally, it is to be noted that section 8 also provides, in pertinent part, that a defendant is not eligible for treatment under the Act if "the addict is on probation or parole and the appropriate parole or probation authority does not consent to that election." Examination of the record herein indicates that on January 14, 1974, the defendant herein pled guilty to theft of under $150 pursuant to a negotiated plea and on that date the defendant was placed on probation for a period of two years, commencing November 24, 1974. There is nothing in the record to indicate that the defendant Ward had been released from such probation prior to the sentencing hearing on the instant offense held on March 30, 1976. We find nothing in the record to indicate that defendant's probation officer consented to treatment under the Act. (See *People v. Phillips* (1977), 66 Ill. 2d 412, 415-16, 362 N.E.2d 1037, 1039; *People v. Morgan* (2d Dist. 1977), 50 Ill. App. 3d 962, 965, 365 N.E.2d 1362, 1364.) Therefore, defendant was not eligible for treatment under the Act for this additional reason.

■■ In view of our holding herein the argument of the defendant that trial counsel failed to properly present the issue of defendant's eligibility for treatment as an addict in his motion to vacate the judgment and withdraw his guilty plea is without merit. As we have indicated, the defendant was not eligible for such treatment.

■■ The last issue raised is whether or not a defendant who states he is an addict and is otherwise eligible must be referred to the Department of Mental Health for examination before the trial court exercises its discretion as to whether the defendant shall be imprisoned or afforded treatment under the Act. Although there was previously a conflict between the decisions of the various appellate courts of this State on this

issue, the supreme court has recently resolved that conflict in *People v. Warren* (1977), 69 Ill. 2d 620, 627, 373 N.E.2d 10, 12, where it stated, in part:

> "Only, in our opinion, when the defendant has first been offered and has chosen that possible alternative do the provisions of the second paragraph regarding the departmental examination come into operation."

Although *Warren* clearly resolves the issue raised by the defendant herein, we have found the defendant was not eligible for treatment under the Act. The question before us, therefore, becomes whether an ineligible defendant must be afforded an examination by the Department. As the supreme court stated in *Warren*, it would be a waste of the Department's limited resources to require an examination of an eligible addict when the judge had properly determined not to offer the addict the benefits of treatment under the Act. Likewise, it would be a waste of the Department's resources to order an examination under the Act when the defendant was ineligible for such treatment. This was most aptly stated by the court in *People v. Schoeneck* (3d Dist. 1976), 42 Ill. App. 3d 711, 714, 356 N.E.2d 417, 419-20, and is particularly appropriate in the case before us. The court stated:

> "If, as in the instant case, the defendant is ineligible for treatment and probation because of a pending felony charge, we find no basis for interpreting the statute as requiring an examination. To so interpret the statute would require a useless act insofar as the statutory scheme of treatment and rehabilitation is concerned. Even if defendant was found to be a drug addict and even if treatment was recommended, nevertheless, the eligibility section of the statute would bar any such disposition of defendant's case. We fail to see how such an examination would be of any benefit to the defendant and the court."

For the reasons stated above the judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and NASH, J., concur.