THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CURTIS J. BROWNELL, Defendant-Appellant.

Second District   No. 79-223

Opinion filed July 14, 1980.—Rehearing denied August 26, 1980.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Curtis J. Brownell, appeals from a denial of his motion, made pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)), to withdraw his guilty pleas and vacate the judgments against him.

The defendant's motion to withdraw his guilty pleas was not timely made. Generally, the failure of defendant to file a timely Rule 604(d) motion requires that the appeal be dismissed, and neither acquiescence by the State to the tardy motion nor a hearing on the motion despite its tardiness will save an appeal from otherwise being dismissed. *Cf. People v. Frey* (1977), 67 Ill. 2d 77.

■■ Under the facts and circumstances of this case, and in light of the presence of the errors which we discuss later in this opinion, we deem the failure of defendant's attorney to file the motion in apt time to constitute ineffective assistance of counsel. We therefore may consider the merits of defendant's appeal. *People v. LaPointe* (1980), 85 Ill. App. 3d 215, 219; *People v. Meacham* (1977), 53 Ill. App. 3d 762, 767.

Defendant was charged on February 10, 1978, in a five-count information, with the offenses of rape, aggravated kidnapping, attempt murder, armed robbery and armed violence.

On August 21, 1978, defendant entered into a negotiated plea agreement pursuant to Supreme Court Rule 402(b) (Ill. Rev. Stat. 1977,

ch. 110A, par. 402(b)). Under the agreement, defendant was to plead guilty to the offenses of rape, aggravated kidnapping and attempt murder in exchange for the dismissal, by the State, of the other two charges. The terms of the agreement also provided that defendant was to receive concurrent sentences for the rape and aggravated kidnapping charges, but the determination of whether the sentence to be imposed for the attempt murder was to run concurrently or consecutively to the concurrent sentences to be imposed for rape and aggravated kidnapping was to be left to the discretion of the court. This agreement was stated in open court. Next, following the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), the trial judge, very carefully and in great detail, advised the defendant of the charges against him, his right to elect sentencing under the new or old sentencing law, the minimum and maximum sentences prescribed by both laws, and all the other matters required by Rule 402. He further admonished defendant that, under the new act, where certain aggravating factors are found to be present, an extended sentence could be imposed for rape and aggravated kidnapping. The court then stated, "I find no reference in the Act to the extended term provisions applying to the crime of attempt murder." After defendant indicated that no other promises had been made to him, that he understood the judge's admonitions and the consequences of his guilty pleas and was acting voluntarily and freely, the court accepted the pleas and entered judgment of conviction on all three counts.

On October 18 and 19, 1978, sentencing hearings were held and defendant elected to be sentenced under the new act. (Ill. Rev. Stat. 1979, ch. 38, par. 1003—1—1 *et seq.*) Among other things, evidence at the sentencing hearing had disclosed that the defendant had also been convicted of murder, aggravated kidnapping and rape, on October 13, 1978, in the circuit court of Boone County, Illinois, case No. 78 CF 37. For those offenses, he was given the penalty of death and two concurrent 30-90 year terms of imprisonment. At the conclusion of the sentencing hearing in the present case, the court, pursuant to section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2), imposed extended terms for all three offenses. Two concurrent terms of 50 years were imposed for rape and aggravated kidnapping (the sentence for aggravated kidnapping was later reduced to 25 years) and a sentence of 50 years was imposed for attempt murder to run consecutively to the two concurrent sentences. In addition, the court ordered that all three of the sentences would be consecutive to the sentences imposed by the circuit court of Boone County in case No. 78 CF 37.

The record of the guilty plea proceeding discloses that the trial court did not advise the defendant that an extended sentence could be

imposed, under section 5—8—2, on the attempt murder charge. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2.) The most reasonable inference to be drawn from the judge's admonitions at the time of the taking of the guilty pleas was that an extended term could not be imposed for the offense of attempt murder.

■■ The extended term section specifically requires that, if a conviction is by plea, it shall appear in the record that the plea was entered with defendant's knowledge that an extended term sentence is a possibility, and if it does not so appear in the record, no such sentence shall be imposed unless defendant is first given an opportunity to withdraw his plea without prejudice. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(b).) Upon the record in this case, the trial court was obligated to offer the defendant an opportunity to withdraw his plea to the offense of attempt murder before imposing sentence under the terms of the extended term section, and the court erred in failing to do so. This error would require us to vacate the sentence imposed for attempt murder and remand the matter with directions to the trial court to advise the defendant of his right to withdraw his guilty plea on the attempt murder charge.

■■ However, a more far-reaching error was committed when the trial court ordered that all three sentences in this case were to run consecutively to the sentences imposed in the Boone County case. There is no showing in the record that, at the time the defendant's pleas were taken, the defendant knew that he might receive a sentence which would be consecutive to those imposed upon him by the circuit court in Boone County. While Supreme Court Rule 402 requires only substantial compliance (*People v. Clem* (1979), 72 Ill. App. 3d 163, 167; *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 802), the Rule does require that the defendant, *prior to the acceptance of his plea,* be advised by the court of the minimum and maximum sentence possible, including, when applicable, the penalty to which defendant may be subjected because of consecutive sentences. (Ill. Rev. Stat. 1977, ch. 110A, par. 402(a)(2); *e.g., People v. Lundeen* (1977), 55 Ill. App. 3d 799, 802.) It was not part of the negotiated plea agreement that defendant's present sentences for rape, aggravated kidnapping and attempt murder would be served consecutively to the sentences of 30-90 years imposed by the circuit court of Boone County. The court's failure to comply with the requirements of Supreme Court Rule 402 in this regard requires us to set aside the pleas.

For these reasons, the judgments of conviction and sentences for the offenses of rape, aggravated kidnapping and attempt murder are hereby reversed and vacated and the defendant's pleas of guilty to each of the said offenses are also set aside and vacated. The cause is remanded to the circuit court of the Seventeenth Judicial Circuit, Winnebago County, for further proceedings where the defendant shall be permitted to plead

anew to the charges of rape, aggravated kidnapping and attempt murder and the People will be permitted to reinstate the charges of armed robbery and armed violence if they choose to do so.

Reversed and remanded.

UNVERZAGT and LINDBERG, JJ., concur.