THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NICHOLAS MORGUEZ, Defendant-Appellant.

First District (2nd Division)    No. 79-2187

Opinion filed November 12, 1980.

472

Lawrence Wolf Levin and Steven R. Decker, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Michael K. Demetrio, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant, Nicholas Morguez, was indicted on four charges of burglary and one of attempted burglary. He pleaded guilty to all charges and received a sentence of three years' imprisonment. The sole issue on appeal is whether the trial court erred in ruling defendant ineligible to be treated under the Dangerous Drug Abuse Act. Ill. Rev. Stat. 1979, ch. 91½, pars. 120.1-120.29.

Prior to trial defendant filed a petition with the trial court electing to be treated as a narcotics addict under section 8 (persons convicted of a crime) of the Dangerous Drug Abuse Act (the Act). (See Ill. Rev. Stat. 1979, ch. 91½, par. 120.8.) Acting on the petition, the trial court ordered defendant examined by T.A.S.C. (Treatment Alternatives to Street Crime). T.A.S.C. then filed a report stating that defendant had been accepted for the outpatient methadone treatment program at Hines V.A. Hospital. Subsequently, the court heard extensive arguments from coun-

sel on defendant's eligibility to be treated under the Act. The statutory provision in question, section 8, provides in relevant part:

> "An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of a licensed program designated by the Commission instead of prosecution or probation, as the case may be unless * * * (d) other criminal proceedings alleging commission of a felony are pending against the addict." Ill. Rev. Stat. 1979, ch. 91½, par. 120.8.

The State argued that because more than one unrelated felony was pending against defendant at the same time, he was ineligible for treatment under the Act. Defendant contended that this provision excluded only those charged with a felony which was still pending prosecution or disposition at the time of sentencing. He further maintained that in his case all charges would be resolved as to guilt or innocence prior to sentencing because all five charges were before the same court, and accordingly, there would be no pending felony charge at the time the trial judge considered his eligibility under the Act.

The trial court found defendant ineligible for treatment under the Act because it construed the five felony charges to be pending as contemplated by the Act. The trial court stated:

> "The Court: Cases decided before the Appellate Court, cases saying that he is an ineligible person with felony cases pending, one Appellate Court saying that he is eligible.
>
> I am going to make a finding that he is ineligible. There was only one that said he was eligible.
>
> Mr. Decker [defense counsel]: Would the ruling be about the same if the defendant entered into a voluntary plea in regard to all five cases that he has here and just proceed to the sentencing hearing?
>
> The Court: It would be the same ruling."

At a later hearing defendant pleaded guilty to all five charges and, pursuant to a prior negotiated plea agreement, the prosecutor recommended a term of three years, flat time. The trial court addressed defendant separately on each charge and admonished him of the nature and consequences of his guilty plea. The State then presented a summary of the evidence which would support a finding of defendant's guilt and which would sustain the State's burden of proof beyond a reasonable doubt. The defendant stipulated to the summary and to his admissions concerning the charged crimes.

Following the acceptance of the pleas and prior to sentencing on the charges, defendant renewed his petition to be treated under the Act. Instead, the trial court sentenced defendant to three years' imprisonment. After sentencing, defendant asked the trial court to reconsider its sen-

tencing and to allow defendant to receive treatment under the Act. As at the original hearing on the petition, the trial court stated its belief that defendant was ineligible under the explicit provisions of the Act which barred those with pending felonies. The trial court then commented:

"I would be the first to admit I was a little bit in a quandary as to what the law was. I ruled after giving it a lot of thought. I found him ineligible.

Mr. Decker: The defendant can attempt to appeal that ruling, if I may put that on the record just briefly."

Defendant's counsel was allowed to introduce defendant's testimony of heroin addiction. The court then informed defendant of his right to appeal and right to have an attorney appointed if indigence were shown. It also stated that notice of intent to appeal and withdrawal of the guilty plea must be perfected within 30 days of the hearing. Defense counsel then filed the notice of appeal. No further actions appear in the transcript.

In any appeal, the threshold question is whether the defendant has complied with procedural requisites for perfecting an appeal. The State contends that this defendant has failed to do so, specifically, that he has failed to file a written motion to withdraw his guilty plea prior to undertaking an appeal. Supreme Court Rule 604(d) addresses this situation, providing:

"*No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant*, within 30 days of the date on which sentence is imposed, *files in the trial court a motion to withdraw his plea of guilty and vacate the judgment.* The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit. The motion shall be presented promptly to the trial judge * * *. * * * The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 110A, par. 604(d).

In *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254, our supreme court held that the requirements of Rule 604(d) applied in equal force to those appeals from a negotiated guilty plea where only the sentence was contested. It reasoned that a negotiated plea was "a bargain into which the People and the defendants freely entered. * * * To permit a defendant to appeal only the sentence without removing the

plea would vitiate the agreement he entered into with the State." (*Stacey*, at 265.) The court recognized that this was a further delineation of the scope of Rule 604(d) from that set out in the earlier *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46, which applied the rule in the context of challenges to the voluntariness of a guilty plea. The court, however, found particular reason to mandate the withdrawal of the guilty plea in the instance of appeals of sentences imposed as the result of negotiated plea agreements.

> "As we have observed, Rule 604(d) is more than a simple procedural step. It is one which goes to the heart of the agreement entered into between the People and the defendant. To allow the defendant to appeal by attacking only the sentence would make for the unwholesome situation of the accused, through negotiation with State, obtaining modification or dismissal of the more serious charges, entering a plea of guilty, and then attacking not his admission of the crime but only the sentence imposed." (*Stacey*, at 266-67.)

The court acknowledged that the procedural rules for the taking of an appeal from those cases disposed of by guilty pleas differed from those resolved by a finding from the bench or by verdict of the jury. Nevertheless, each procedural rule was equally binding as a condition precedent to raising issues on appeal. *Stacey*, at 266.

■■ The decision of the trial court in the instant case finding defendant ineligible to participate in the rehabilitation program set out by the Act presents meritorious grounds for appeal. Therefore, under *Stacey*, the issue should have been raised in a written motion to withdraw the plea of guilty and to vacate the judgment within 30 days following the decision complained of. The effect of defense counsel's failure to present a written motion raising this issue was to waive and, additionally, to foreclose the right to appeal a possible defect in the sentencing procedure employed by the trial court. (See *People v. Porter* (1978), 61 Ill. App. 3d 941, 946, 378 N.E.2d 788.) The State, without citation to any number of appellate decisions which have construed exceptions to the dismissal mandated by *Stacey*, states that this court must dismiss defendant's appeal.

As discussed in *People v. Kinzer* (1978), 66 Ill. App. 3d 466, 468, 384 N.E.2d 50, the right to appeal, while not per se of constitutional dimensions, where denied, is subject to constitutional scrutiny. (See *People v. Brown* (1968), 39 Ill. 2d 307, 311, 235 N.E.2d 562.) From this philosophy a number of appellate court decisions have developed holding that the failure of counsel to file a motion to perfect the appeal constitutes ineffective assistance of counsel. (See *Kinzer*, at 469; *People v. Brownell* (1980), 86 Ill. App. 3d 697, 698; *People v. Pulley* (1979), 75 Ill. App. 3d 193, 194, 394 N.E.2d 47; *People v. Porter* (1978), 61 Ill. App. 3d 941, 946,

378 N.E.2d 788; *People v. Meacham* (1977), 53 Ill. App. 3d 762, 766-67, 368 N.E.2d 400.) In *People v. Meacham*, the court held that even though Rule 605(b) admonitions, *i.e.*, that the court must advise defendant that prior to undertaking an appeal a motion to withdraw the guilty plea and to vacate the judgment must be filed (Ill. Rev. Stat. 1979, ch. 110A, par. 605(b)) were given to defendant, the unusual circumstances of counsel's failure to file the required motions mandated that the State's motion to dismiss defendant's appeal be denied. Citing a Fifth Circuit Federal appeals decision, *Cantrell v. Alabama* (5th Cir. 1977), 546 F.2d 652, the *Meacham* court stated that since failure of counsel to perfect an appeal is a denial of constitutionally effective counsel, and in Illinois, the failure to file motions required by Rule 604(d) is a failure to perfect the appeal, the omission constituted ineffective assistance of counsel. (*Meacham*, at 767.) The court noted the aggravating factor that counsel for defendant, as in the instant case, was present in court when the trial court gave defendant the Rule 605(b) admonitions. Thus, presumably, counsel's failure to perfect the appeal was careless or improvident rather than unknowing.

■■■ In *People v. Porter* (1978), 61 Ill. App. 3d 941, 946, 378 N.E.2d 788, the court extended the *Meacham* reasoning to its next logical step, stating that the failure to follow the procedures in Rule 604(d) was so deficient as to constitute "no representation." "No representation" is a shorthand standard describing ineffective assistance of retained counsel in Illinois. The full standard is generally set out as "when representation is so poor as to amount to no representation at all or to reduce the proceeding to a farce or mockery." (*People v. Elliott* (1977), 46 Ill. App. 3d 887, 889-90, 361 N.E.2d 852, *cert. denied* (1978), 435 U.S. 973, 56 L. Ed. 2d 65, 98 S. Ct. 1617; see also *People v. Pardo* (1980), 83 Ill. App. 3d 556, 564.) It is logically inescapable that defendant's counsel's failure to fulfill the condition precedent to taking an appeal, particularly where explicitly advised of its necessity by the trial court, and where that same counsel had already stated his intent to pursue the appeal, precluded defendant from representation for his claims on appeal. Accordingly, the "no representation" standard is satisfied in the case at bar.[1] (See *Porter*, at 946; see also *People v. Young* (1977), 56 Ill. App. 3d 106, 108, 371 N.E.2d 646 (supp. op.).) Further, this incompetence does not amount to harmless error since the validity of defendant's contentions of trial court error, as discussed below, are meritorious. As a result, this court is presented with a choice of

---

[1] In the instant case defense counsel also failed to comply with Rule 604(d), which in addition to the previously discussed motions, requires filing of a certificate stating, *inter alia*, that counsel consulted with defendant concerning possible defects in the guilty plea proceeding. While it is not per se incompetence not to file this certificate, it is indicative of the level of representation following the plea entered here. See *People v. Tinsley* (1977), 54 Ill. App. 3d 880, 882, 370 N.E.2d 281.

two possible procedures. The case could be remanded to the trial court to allow defendant to present that court with Rule 604(d) motions. The trial court could then hold a hearing on the issues raised. (See *People v. Adams* (1979), 71 Ill. App. 3d 168, 175, 389 N.E.2d 700.) Remand, however, would elevate form over substance. In the instant case, the trial court has already had three opportunities to hear argument on the precise issue raised on appeal—defendant's eligibility under the Act. It is also not necessary that the case be remanded to give defendant an opportunity to retain a new attorney for this appeal, because, although he of course has that choice, the issues have been presented with a bare minimum of competence, but sufficient to allow this court to resolve them. Therefore, the procedure followed in *People v. Brownell* (1980), 86 Ill. App. 3d 697, 698, 408 N.E.2d 304, where, as soon as the reviewing court determined the failure of defendant's attorney to file the 604(d) motion in a timely manner was ineffective assistance of counsel, it proceeded to the merits of defendant's appeal, is the most judicially economical way to dispose of the instant appeal. See also *Meacham*, at 767.

Defendant herein was indicted for five unrelated felonies, all pending before the same trial court. He filed a petition to elect to undergo treatment for his drug addiction under section 10 of the Dangerous Drug Abuse Act, which section pertains to those persons convicted of a crime. (Ill. Rev. Stat. 1979, ch. 91½, par. 120.10, as amended by Pub. Act. 81-851.) This section provides:

"§10. If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, the court shall advise him that he may be placed on probation if he elects to submit to treatment and [he] is accepted for treatment by the Department."

The eligibility section (section 8 referred to in section 10) provides:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of a licensed program designated by the Commission instead of prosecution or probation, as the case may be, unless * * * (d) other criminal proceedings alleging commission of a felony are pending against the addict * * *." Ill. Rev. Stat. 1979, ch. 91½, par. 120.8.

The trial court interpreted section 8 to bar those addicts from treatment under the Act who have more than one unrelated felony charge pending against them at the time of prosecution. Defendant contends, as he did in the trial court, that in the situation presented by the case at bar, where all pending charges could be disposed of by the same trial court prior to ruling on the petition, defendant would be eligible for treatment under section 10.

Defendant concedes that the grant or denial of treatment under the Act, once eligibility is determined under section 8, is within the sound discretion of the trial court. (*People v. Warren* (1977), 69 Ill. 2d 620, 625, 373 N.E.2d 10.) This discretion, however, is subject to judicial review, and the record must reflect that the trial court in fact exercised its discretion and did not abuse it or act in a purely arbitrary manner. *Warren*, at 629; *People v. Young* (1979), 72 Ill. App. 3d 592, 593, 391 N.E.2d 17.

In the instant case, the record indicates that the trial court did not exercise its discretion regarding whether or not defendant should be placed in treatment under the Act. Rather, the trial court believed that defendant was excluded by the very terms of section 8 and the cases interpreting it, and was thus ineligible. Accordingly, under the trial court's interpretation, it had no discretion to exercise. If indeed the clause in section 8 barring those addicts with felony charges pending is inclusive of defendant, the exercise of discretion under section 10 would be unnecessary. The key issue, therefore, is whether the term "pending" as used in the statute ("other criminal proceedings alleging commission of a felony are pending against the addict"), refers to charges pending at the time of sentencing or at the time of initiation of prosecution.

Our supreme court has reviewed the policies of the Act on several occasions. In *People v. Phillips* (1977), 66 Ill. 2d 412, 416, 362 N.E.2d 1037, the court commented that "The Act provides an alternative to the usual criminal justice procedures; it allows a criminal defendant with a drug abuse problem to *avoid* the criminal justice machinery * * *." In a subsequent case, *People v. Teschner* (1980), 81 Ill. 2d 187, 192, 407 N.E.2d 49, the court noted that "treatment under the Act, unlike a sentence, is not a consequence of defendant's guilt. It is instead an alternative to a criminal conviction and the *regular sentencing alternatives* available under the Unified Code of Corrections." (Emphasis added.) The court went on to state that the Act "indicates a strong legislative policy favoring the prevention of drug abuse and encouragement for the treatment and rehabilitation of drug addicts. [Citation.] It is apparent that the legislature felt that the treatment for drug abuse requires more medical and social treatment than can be provided under the present criminal justice system." *Teschner*, at 192.

Both section 10 of the Act and the above enunciated policy favor an interpretation of eligibility under the Act which would not bar defendant's participation. That policy urges a liberal construction of the Act to facilitate rehabilitation of addicts through placements alternative to the usual sentencing procedures. The Act was specifically designed to include those convicted addicts who had participated in criminal activity to support their narcotics habit. See Ill. Rev. Stat. 1979, ch. 91½, par. 120.2.

Section 10 of the Act applies solely to those convicted of a crime.

Although an overly narrow reading of this section might lead one to the conclusion that only those convicted of "a crime," *i.e.*, one crime, would be covered under the section, the clear intent of the Act leads to the opposite conclusion. Clearly, it is the nature of the crimes (nonviolent) and the rehabilitative potential of the addict (excluding those who have had more than two prior attempts at treatment within any consecutive two-year period) which control. The record of the defendant, unless it contains two or more convictions of crimes of violence, is not an initial eligibility factor. Therefore, it would be inconsistent to penalize defendant and to find him ineligible solely because he accumulated his record during one court proceeding rather than on successive dates. Further, once his pleas of guilty were accepted, he was a convicted felon and no other criminal proceedings alleging commission of a felony were pending against defendant. Instead, only sentencing was pending.

Contrary to the State's assertions, the majority of the appellate decisions to address this issue do not suggest a result different from that reached herein. In *People v. Schoeneck* (1976), 42 Ill. App. 3d 711, 714, 356 N.E.2d 417, unlike the present case, a felony charge was still pending at the time of sentencing, and was only dropped subsequent to sentencing. Additionally, in *Schoeneck*, the court found that defendant was not a drug addict, a factor which would also preclude eligibility under the. Act. (See also *People v. Malcom* (1975), 29 Ill. App. 3d 223, 330 N.E.2d 290; but *cf. People v. Bournes* (1977), 55 Ill. App. 3d 237, 242, 370 N.E.2d 1230 (not eligible at time of plea but later eligible after pending robbery charge disposed of).) Similarly, in *People v. Ward* (1977), 55 Ill. App. 3d 878, 882, 371 N.E.2d 103, another felony charge was pending against defendant and was not nolle prossed until after sentencing. The court therefore found the defendant ineligible. In other cases, eligibility was apparently not questioned even though the defendant was charged with more than one crime. See *People v. Killion* (1977), 50 Ill. App. 3d 433, 435, 365 N.E.2d 1155; *People v. Robinson* (1973), 12 Ill. App. 3d 291, 292, 297 N.E.2d 621.

■■ In still other cases, the issue which is presented here was considered in virtually the same factual context. Defendant was not denied eligibility under the pending charges factor of section 8 although he was charged with more than one felony. These felonies were all resolved either by plea or findings of guilt prior to the determination of eligibility. The appellate courts in each case held that at that point, there were no pending felony charges as contemplated in section 8. (See *People v. Phillips* (1976), 39 Ill. App. 3d 387, 391, 350 N.E.2d 363, *rev'd on other grounds* (1977), 66 Ill. 2d 412, 362 N.E.2d 1037; *People v. Myers* (1976), 36 Ill. App. 3d 458, 462, 343 N.E.2d 613; *People v. Moore* (1975), 31 Ill. App. 3d 653, 654, 656, 334 N.E.2d 406.) Since the defendant herein renewed his petition for treat-

ment under the Act following his pleas of guilty and prior to sentencing by the trial court, this case falls under the rationale presented in the *Phillips-Myers-Moore* cases. Under their holdings, defendant had no pending alleged criminal charges which would exclude him from coverage under the Act.

Additionally, logic suggests that the reason supporting exclusion of those pending prosecutions is not presented by the instant case. The most obvious purpose behind this prohibition is to prevent the trial court from initiating a rehabilitation program when defendant might still be sentenced in another courtroom for a crime, the circumstances of which the present sentencing judge might have no knowledge. Here, the trial judge had the facts of all the charges before him and any decision would not be superseded by a later, still pending, prosecution and sentencing.

■■ For the foregoing reasons, and most specifically that defendant was not automatically excluded from participation in the drug abuse program by the reason of his five unrelated felony charges, the case is remanded to the trial court for its discretionary determination of whether defendant is properly subject to referral under the Act. See *People v. Moore* (1977), 46 Ill. App. 3d 313, 315-16, 360 N.E.2d 995.

Remanded with directions.

DOWNING and HARTMAN, JJ., concur.