THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRACY LIEDTKE, Defendant-Appellant.

Second District   No. 2—86—0815

Opinion filed April 9, 1987.

UNVERZAGT, J., dissenting.

Joseph M. Laraia and Dorothy C. Korstad, both of Joseph M. Laraia & Associates, P.C., of Wheaton, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:
Defendant, Tracy A. Liedtke, entered a plea of guilty to driving while driver's license is suspended (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303) and leaving the scene of an accident resulting in injury or death without giving information and rendering aid (Ill. Rev. Stat. 1985, ch. 95½, par. 11—401(a)). Following a sentencing hearing, defendant was fined $200 on the former offense and sentenced to a six-month term in jail for the latter offense. Within 30 days after sentencing, defendant filed a "Motion to Reconsider Sentence" contending that the jail sentence for leaving the scene of an accident resulting in injury or death without giving information and rendering aid was an abuse of discretion and requesting a sentence of probation. The sentence for this offense was vacated by the trial court, and a new sentence of one-year probation, three months in jail, and a $300 fine was imposed.

The sole issue defendant raises on appeal is that the trial court abused its discretion in imposing a three-month jail term in addition to the sentence of probation and a fine. While the State has responded to this contention, it also asserts in its brief that defendant's appeal be dismissed because she failed to move to withdraw her plea of guilty and vacate the judgment pursuant to Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)). We must initially address this jurisdictional issue.

Defendant responds to the State's argument that the appeal should be dismissed by first contending that her "Motion to Recon-

sider Sentence" should be considered as satisfying the requirement of filing a Rule 604(d) motion, and that where a negotiated plea is not involved, as here, the requirement of a Rule 604(d) motion should not apply. Our resolution of these arguments is controlled by the decision of our supreme court in *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254. In *Stacey*, as in the instant case, one of the defendants filed only a motion to reduce the sentence. The court held this motion did not comply with the requirements of the rule and that Rule 604(d) makes no distinction between a negotiated and nonnegotiated sentence imposed after a plea of guilty. (68 Ill. 2d 261, 264-67, 369 N.E.2d 1254; see also *People v. Dorsey* (1985), 136 Ill. App. 3d 1037, 1039, 483 N.E.2d 1065.) Thus, the appeal was dismissed.

The dismissal of an appeal for failure to file a proper motion under Rule 604(d) has been relaxed in appellate court decisions where the defendant has not been properly admonished by the trial court pursuant to the rule that such a motion must be filed in order to preserve the right to appeal (see *People v. Potts* (1985), 136 Ill. App. 3d 1059, 1061, 484 N.E.2d 306; *People v. Lundeen* (1977), 55 Ill. App. 3d 799, 801, 371 N.E.2d 329), where ineffective assistance of counsel for failure to file the motion contrary to defendant's wishes has been shown on the record (see *People v. Morguez* (1980), 90 Ill. App. 3d 471, 476-77, 413 N.E.2d 128; *People v. Brownell* (1980), 86 Ill. App. 3d 697, 698, 408 N.E.2d 304; *People v. Meacham* (1977), 53 Ill. App. 3d 762, 766-67, 368 N.E.2d 400), and where the criminal charge is void (see *People v. Pride* (1986), 144 Ill. App. 3d 612, 614-15, 494 N.E.2d 509). It also appears that the practice has developed that where trial counsel has failed to file the requisite Rule 604(d) motion, a motion in the appellate court to remand to the trial court to allow the filing of a late Rule 604(d) motion has been allowed in some instances. (See, *e.g., People v. Joy* (1986), 150 Ill. App. 3d 310, 312-14, 501 N.E.2d 1325.) Such motions have been filed in this court in several cases. This procedure, although not provided for by the supreme court rules, may have developed because ineffective-assistance-of-counsel arguments have been advanced against trial counsel for the failure to file the Rule 604(d) motion.

We need not determine the wisdom of this remandment procedure as that situation does not confront us here. Suffice it to say that we do not believe every failure to file the Rule 604(d) motion is *per se* a denial of the effective assistance of counsel which requires remandment. In many instances, a defendant may have elected not to file such a motion and only belatedly, when later dissatisfied, seeks a review of his sentence on direct appeal without timely filing the re-

quired Rule 604(d) motion. To allow defendants to circumvent Rule 604(d) in this way is not in the interests of finality in criminal cases nor consistent with the rule.

██ Thus, in the case before us we reject defendant's argument that her "Motion to Reconsider Sentence" satisfied the requirements of Rule 604(d). However, defendant has raised an additional contention in her reply brief that her counsel was ineffective for failing to file a proper Rule 604(d) motion. We note that she has the same counsel on appeal as she did in the trial court proceedings. She requests that we should determine the substantive issue raised concerning the sentence because of counsel's ineffective assistance in failing to file the Rule 604(d) motion.

██ From our examination of the record, it is evident that the trial court properly advised defendant upon her pleas of guilty according to Supreme Court Rule 605(b), including the requirement to file a motion to withdraw the plea of guilty and the consequences of a failure to file the motion. The record also shows that defendant wished to appeal from the denial of her "Motion to Reconsider Sentence," as the setting of an appeal bond was immediately requested, and defendant's counsel indicated defendant would be seeking review of the sentence. A notice of appeal was timely filed. Under this particular circumstance, where the record indicates that the sentencing issue would be appealed, defendant has shown the ineffective assistance of counsel by her trial counsel's failure to properly file a Rule 604(d) motion which would provide the only way to raise the sentencing issue on appeal.

As the complete record is before us and the parties have briefed the sentencing issue, for the reasons stated above, we deny the State's request to dismiss the appeal in these limited circumstances and proceed to decide the substantive issue raised on the merits. See *People v. Morguez* (1980), 90 Ill. App. 3d 471, 476-77, 413 N.E.2d 128.

██ Defendant contends that the three-month jail sentence as a condition of probation was an abuse of sentencing discretion. Essentially, she maintains that the trial judge failed to consider her personal circumstances and the needs of the public and, instead, based the sentence on the fact that a fatality occurred. She argues that the accident was unavoidable, that the deceased was jogging or walking in the roadway, that she reported the accident shortly afterwards, that she was remorseful after the accident, and that she is a caring, responsible person whom her friends and fellow workers described as dependable and never appearing to be under the influence of alcohol.

Defendant, a 24-year-old sales agent for a real estate company at

the time of the accident, entered pleas of guilty to the Class A misdemeanor offenses of driving while driver's license is suspended and leaving the scene of an accident resulting in injury or death without giving information and rendering aid. Her license was previously suspended for unlawful or fraudulent use of her license. She also has prior convictions for six speeding and disregarding-traffic-control-devices offenses. There is no prior criminal record.

The facts adduced at the sentencing hearing reveal that at about 8 p.m. on January 13, 1986, defendant was driving her motor vehicle on Ogden Avenue when she struck 15-year-old Stephen Melichan, a high school scholar-athlete in Lisle, Illinois, who was apparently walking or jogging on the road. She did not stop at the scene, and the unconscious boy was found an hour later by a passing motorist. He died 18 days later without regaining consciousness.

Defendant testified that on the evening in question she went to White's Tavern after working and consumed two or three beers between 5:15 and 7:20 p.m. While she was driving home, she was in traffic and proceeding at about 20 to 25 miles per hour when she struck a person who appeared in front of her car. She did not stop, pulled onto a side street, and then proceeded to a friend's house. The friend called some neighbors, and the neighbors called the Westmont police within a half hour of the accident. She was hysterical at her friend's house. She does not have a problem with drinking and is very remorseful over the accident.

On cross-examination, she admitted that when she arrived at her friend's home, she was hysterical and "they did have me drink." She stated that her driving was not impaired by the consumption of beer prior to the accident. She thought the boy was seriously injured, but she was in shock and didn't return to the scene of the accident. Family, friends, and business associates testified that defendant is dependable, reliable, honest, and is a good worker. They also stated that she does not have any problem with alcohol and is remorseful over the accident.

The well-established rule is that imposition of a sentence is a matter of judicial discretion and that, absent an abuse of this discretion, the sentence of the trial court may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153-54, 368 N.E.2d 882.) After a careful review of the record, we find no abuse of discretion. The Unified Code of Corrections vests a wide discretion in sentencing judges in order to permit reasoned judgments as to the penalty appropriate to the particular circumstances of each case. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344.) Here, defendant's driving

record was poor, she was driving when she was not permitted by law to do so, and, after this tragic occurrence, she left a person she knew was seriously injured unconscious on a roadway without stopping to render assistance as mandated by statute. It is further apparent that the trial judge did consider defendant's mitigating circumstances shown by her remorse and her favorable reputation evidence in imposing probation and a fine and, nonetheless, in fashioning an appropriate sentence including a jail term reflecting the seriousness of the crime. We find no abuse of discretion under the circumstances, and the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH, J., concurs.

JUSTICE UNVERZAGT, dissenting:
I dissent from the opinion of the majority, the first portion of which is a wholly unnecessary exegesis.

The only question presented is whether the defendant has complied with procedural requisites for perfecting an appeal. It is clear the defendant did not file a written motion to withdraw her guilty plea prior to taking this appeal.

Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)) provides in this regard:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment."

An appeal filed without compliance with Rule 604(d) (103 Ill. 2d R. 604(d)) deprives the defendant of his right to appeal after a plea of guilty by failing to vest jurisdiction in the appellate court. *People v. Joy* (1986), 150 Ill. App. 3d 310, 314.

The majority point out that an exception to the requirement of the filing of a Rule 604(d) motion is made when the failure to file such a motion constituted ineffective assistance of counsel. They then cite *People v. Morguez* (1980), 90 Ill. App. 3d 471, *People v. Brownell* (1980), 86 Ill. App. 3d 697, and *People v. Meacham* (1977), 53 Ill. App. 3d 762.

*Brownell* is quite different than the case at hand because there we found that the trial court failed to admonish the defendant of significant sentencing factors required by Supreme Court Rule 402 (87 Ill. 2d R. 402), which required us to set aside the guilty pleas.

In both *Morquez* and *Meacham* the reviewing court was able to determine that the failure to file the Rule 604(d) motion was the fault of defendant's counsel rather than the defendant.

There is nothing in the record before us that reveals that Liedtke ever communicated to counsel a timely decision to challenge the judgment. No affidavits were presented to the trial court declaring that Liedtke instructed her attorney to appeal.

The majority relies on the following statement made by defendant's counsel after sentencing:

> MR. LARAIA: *"I am just asking that the court set a bond.* I think the court, at least in the comment that you said, indicated that maybe the Appellate Court might find it's a different circumstance, and *I would like to go forth."* (Emphasis added.)

I disagree with the majority, which holds that the record shows that the defendant wished to appeal.

The State asked the trial court to require the defendant to begin service of her three-month sentence *instanter*. The court, recognizing the need to allow the defendant time to perfect her appeal, provided that she was to report to jail within 20 days unless the defendant has perfected her appeal. That was seven months ago and defendant has neither "perfected" her appeal nor gone to jail.

I am of the opinion that this court does not have jurisdiction of this appeal because the requirements of Rule 604(d) were not complied with. (*People v. Ahlstrand* (1983), 113 Ill. App. 3d 363; *People v. Newbolds* (1981), 98 Ill. App. 3d 1018.) That rule plainly requires the filing of a written motion to vacate the plea of guilty and to vacate the judgment, and in my view this is not satisfied merely by counsel's moving the court to set an appeal bond. To so hold emasculates the supreme court rule. (See *People v. Frey* 1977, 67 Ill. 2d 77.) I therefore dissent.