THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY BURRELL, Defendant-Appellant.

Second District   No. 77-401

Opinion filed December 6, 1978.

Mary Robinson and Alan D. Goldberg, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton, for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Larry Burrell appeals from a judgment of conviction of robbery upon his negotiated guilty plea and from the sentence of 2-6 years imprisonment imposed. He contends that his plea was not voluntarily and intelligently made because he was misinformed of the consequences of a refusal to accept the plea agreement.

In count I of the information defendant was charged with taking

$3,785.35 in currency from the presence of the manager of a Barnaby's restaurant in Downers Grove "by threatening the imminent use of force"; and in count II "by the use of force." In plea bargaining the State agreed to nolle prosse count I in exchange for a plea of guilty to count II and to recommend a sentence of 2-6 years. The trial judge included in his admonishment the statement

> "They are separate counts, but they—it looks like they all arise out of the same transaction. So, if you were found guilty on either count, they would be concurrent sentences."

The defendant argues that this was an erroneous statement which suggested to defendant that he could be convicted of two offenses and that he was thereby led to believe that the State was giving him the benefit of dropping the extra charge in consideration of his plea; whereas, the conviction could only be on one of the charges in any event.

● 1 It is, of course, true that the defendant could not have been convicted of more than one offense on the basis of a single physical act. (*People v. King*, 66 Ill. 2d 551, 566 (1977).) The judge was therefore in error in advising defendant that he could be given even a concurrent, as opposed to a consecutive sentence, if he went to trial and was convicted.

■ The error, however, in our view does not require reversal. The defendant's counsel in his motion to withdraw his plea in the trial court argued only that the sentence was excessive and did not take into account defendant's potential for rehabilitation; and the defendant himself urged that he be given a lighter sentence because his wife was on welfare and he could be employed at $400 a week. The claim that the plea was involuntary was made for the first time on appeal. He has therefore waived the issue. Ill. Rev. Stat. 1977, ch. 110A, par. 604. See also, *e.g.*, *People v. Stojetz*, 46 Ill. App. 3d 205, 208 (1977).

■■ In the reply brief of defendant's appellate counsel we are asked for the first time to relax the rule of waiver on the premise trial counsel failed to provide effective assistance of counsel because the issue was not raised in the trial court; and because the defendant claims that he was unaware prior to the appeal that the court's advice was erroneous. We cannot agree. The admonishment does not amount to plain error on this record nor suggest that the waiver should be excused as a matter of fundamental fairness. Defendant was fully advised by the court of the minimum and maximum sentences he could receive; that the prosecutor would recommend a single sentence of 2-6 years, which he did; he agreed, and the bargain was kept. The defendant has not shown that the request for the withdrawal of his plea is based either upon a misapprehension of the law or the facts which led him to plead guilty (see *People v. Morreale*, 412 Ill. 528, 531-32 (1952)) or that it is necessary to permit the withdrawal to correct a manifest injustice. (See *People v. Linden*, 27 Ill. App. 3d 45, 48

(1975); *People v. Dye,* 23 Ill. App. 3d 431, 433-34 (1974).) The judge's remarks about concurrent sentences in the context of a full and complete admonishment cannot be deemed to have induced the plea of guilty. In fact the record suggests that the defendant sought leave to withdraw his plea of guilty because he was disappointed that he was not placed on probation. However, unfulfilled expectations of that nature do not form a basis for withdrawal of a plea voluntarily made. *People v. Morreale,* 412 Ill. 528, 532 (1952).

The judgment of the trial court is affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.