THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GILL L. DAVIS, Defendant-Appellant.

Fifth District    No. 80-288

Opinion filed April 1, 1981.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, and Charles M. Leonhard, law student, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley and Nicholas B. Svalina, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WELCH delivered the opinion of the court:

On May 2, 1980, the defendant, Gill L. Davis, pleaded guilty to burglary. After a sentencing hearing, he was sentenced to three years imprisonment on June 2, 1980. Pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(d)), Davis filed a motion to withdraw his plea of guilty which was denied. On appeal the defendant does not challenge the conviction based upon his guilty plea.

Davis contends that the trial court erred in sentencing him without giving any consideration to an alternate disposition under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1979, ch. 91½, par. 120.1 *et seq.*), hereinafter referred to as the Act. The presentence investigation revealed that the defendant had voluntarily enrolled in a drug rehabilitation program at Jefferson Barracks Veterans Hospital. Davis told the probation officer that he had been a heavy drug user since he was stationed in Viet Nam in the early 1970's and that he had been under the influence of Tripolidine and Talwin at the time the burglary was committed. At the sentencing hearing the defendant told the court that he had committed crimes due to

the use of drugs. At no time in the trial court proceedings were the provisions of the Dangerous Drug Abuse Act mentioned, including during the Supreme Court Rule 604(d) proceeding.

Effective September 20, 1979, section 10 of the Dangerous Drug Abuse Act was amended to read:

"If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, (Ill. Rev. Stat. 1979, ch. 91½, par. 120.8) the court *shall* advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the Department." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 91½, par. 120.10.)

Prior to the amendment, section 10 read:

"If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8) the court *may* advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the Department." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 91½, par. 120.10.)

In the recent case of *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323, our supreme court ruled that under section 10 prior to the amendment, a trial court need not exercise its discretion and inform a defendant of the provisions of the Act unless the defendant had applied for probation under the Act by filing a petition seeking to elect treatment. However the supreme court specifically stated in *Kuesis* that it would not comment on how the amendment would have affected the case before them.

■■■ We believe that the information conveyed to the court in the case at bar was sufficient to raise the belief that Davis was an addict. (*People v. Miller* (1976), 43 Ill. App. 3d 290, 356 N.E.2d 1345.) Therefore, the court should have informed the defendant of the possible disposition under the Act. A statutory amendment creates the presumption that the amendment is intended to change the former law (*Caterpillar Tractor Co. v. Lenckos* (1979), 77 Ill. App. 3d 90, 395 N.E.2d 1167) rather than to reaffirm it. Section 10 was amended by substituting the word "shall" for the word "may." We find that the word "shall" in the amendatory act is mandatory.

On May 13, 1980, Davis was granted three years probation in Missouri on convictions of burglary and stealing over $150. The two separate incidents which led to the convictions were committed on September 8, 1979. The State contends that the defendant has not shown that he is

eligible to elect·treatment under the Dangerous Drug Abuse Act, because there is no showing by the defendant that the Missouri probation authority would consent to the procedure. If Davis elects to be treated under the supervision of a licensed program designated by the Dangerous Drugs Commission he must obtain consent to the election from his appropriate probation authority. (Ill. Rev. Stat. 1979, ch. 91½, par. 120.8.) Until he has been informed of the provisions of the Act, however, he is obviously not in a position to request such consent.

The defendant must be given the opportunity to elect to undergo treatment under the Act. We vacate the sentence and remand this case to the Circuit Court of Madison County in order that the court advise the defendant pursuant to section 10 of the Dangerous Drug Abuse Act.

Sentence vacated, case remanded with directions.

KASSERMAN, P. J., and KARNS, J., concur.