THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID B. CHAPUT, Defendant-Appellant.

Fourth District    No. 17099

Opinion filed October 7, 1981.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, and Kevin D. Eack, law student, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Following a bench trial in the circuit court of Vermilion County, the defendant, David Chaput, was convicted of two counts of aggravated assault and one count of reckless conduct, in violation of sections 12—2 and 12—5 of the Criminal Code of 1961. (Ill. Rev. Stat. 1979, ch. 38, pars. 12—2, 12—5.) He was sentenced to 10 months' imprisonment on each count, the sentences to run concurrently.

On appeal, defendant contends that evidence of his prior convictions was improperly admitted and that the trial court erred in failing to inform him of the possibility of treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1979, ch. 91½, par. 120.1 *et seq.*). We affirm the defendant's conviction, but remand for a new sentencing hearing.

A detailed recitation of the facts is not necessary for disposition of the instant case. The charges against defendant arose from a series of inci-

dents occurring on July 4, 1980. Defendant threatened an individual first with a knife and subsequently with a "2 x 4." Later that evening, he fired two shots with a shotgun from the passenger's window of a car while passing a crowd at an outdoor party. Fortunately, no one was injured in the incident. At trial, defendant briefly testified in his own behalf, and during cross-examination the prosecution sought to impeach him by questioning him about his prior convictions. The State failed to offer into evidence certified copies of those convictions.

At defendant's sentencing hearing, he testified that at the time of the offenses he was under the influence of Quaaludes and alcohol. He acknowledged that he considered himself to have an alcohol and drug problem. He had also voluntarily enrolled in a drug and alcohol rehabilitation program at Harmony House. Harmony House is a residential drug and alcohol rehabilitation center. He had been a resident at Harmony House for about 35 days prior to the sentencing hearing. At that time, he was attending five meetings a day, five days a week, at Harmony House. Defendant stated that it was his belief that the therapy at Harmony House was helping him in that he had not had any drugs or alcohol since starting therapy. A letter from the defendant's counselor in the rehabilitation program indicated that he was in need of continued therapy. Defendant had indicated to the probation officer during the presentence investigation that he had no drug or alcohol problem. At the sentencing hearing, he testified that he had lied to the probation officer since he believed things would go worse with him if the judge knew he had a drug problem. The record does not reflect that either defense counsel, the state's attorney, or the trial judge raised the possibility of further proceedings under the Dangerous Drug Abuse Act.

■■ Defendant first contends that during cross-examination by the prosecution he was improperly questioned concerning his prior convictions. The prosecution sought to impeach his credibility by questioning him regarding his prior convictions, rather than by submitting records of conviction or copies. It was clearly improper for the prosecution to do so. However, defendant failed to object to the improper questioning at trial. It has previously been held in *People v. Clark* (1979), 73 Ill. App. 3d 85, 391 N.E.2d 576, that error in the use of cross-examination to prove prior convictions of the accused is waived if not raised at the time of the elicitation of the information. While we are aware of authority that such improper cross-examination may constitute plain error, which may be considered by a court of review, a reversal is not mandated unless the error deprived the defendant of substantial justice or influenced a finding of guilt. We conclude that in view of the evidence present in the instant case, the error here was harmless.

Defendant also contends that the trial court erred in sentencing him

without giving any consideration to an alternate disposition under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1979, ch. 91½, par. 120.1 *et seq.*) (Act). Effective September 20, 1979, section 10 of the Act was amended to read:

"If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, the court *shall* advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the Department." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 91½, par. 120.10.)

Prior to the amendment, section 10 read:

"If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, the court *may* advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 91½, par. 120.10.)

We find, as did the Appellate Court, Fifth District, recently, that the word "shall" in the amendatory act is mandatory. (*People v. Davis* (1981), 95 Ill. App. 3d 1097, 420 N.E.2d 1035.) Therefore, when the information conveyed to the trial judge is sufficient to give reason to believe that the defendant is an addict, the trial judge must inform the defendant of the possible disposition under the Act. In the instant case, there is no indication in the record that possible use of the Act was even considered.

We believe that the evidence in the present case was sufficient to flag the trial judge's attention and to give reason to believe that the defendant is an addict. Whether or not the defendant is actually an addict as contemplated by the Act remains to be seen. As in *Davis*, defendant had voluntarily enrolled in a drug rehabilitation program and at sentencing told the court that he had committed the crimes because of the use of drugs. We also note that the record reflects that defendant had a number of prior drug-related convictions. We conclude that sufficient evidence is present to give reason to believe that the defendant is an addict.

We have previously noted that defendant failed to raise the possibility of applicability of the Act. We are aware of the recent case of *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323, in which the supreme court held that under section 10, prior to the amendment, a trial court need not exercise its discretion and inform a defendant of the provisions of the Act unless the defendant had applied for probation under the Act by filing a petition seeking to elect the treatment. Therefore, prior to the amendment of section 10, even if the defendant had filed a petition with the court, the court was under no obligation to comply with his

request. However, the *Kuesis* court was aware of the new amendment to section 10 of the Act and expressly declined to say how the amendment would affect the case before them, because the defendant in that case had been sentenced a year prior to the amendment's becoming effective. Since we have previously concluded that section 10 of the Act now makes it mandatory upon the trial judge to inform the defendant of possible disposition under the Act if he has reason to believe that the defendant is an addict, we conclude, as the court did in *Davis*, that failure of the defendant to petition the court will not bar the defendant's right to elect possible treatment under the Act.

The State argues that the court was not required to consider sentencing alternatives under the Act because the defendant was not otherwise eligible for treatment under the Act. Section 8 of the Act describes those defendants who are eligible for treatment under the Act. (Ill. Rev. Stat. 1979, ch. 91½, par. 120.8.) Section 8 of the Act provides that an addict is not eligible for treatment under the Act if: "* * * other criminal proceedings alleging commission of a felony are pending against the addict." (Ill. Rev. Stat. 1979, ch. 91½, par. 120.8.) The State points out that in the instant case defendant was awaiting sentencing on an unrelated theft charge to which defendant had previously entered a guilty plea. In *People v. Moore* (1975), 31 Ill. App. 3d 653, 334 N.E.2d 406, it was held that where a defendant pleaded guilty to two charges in exchange for other charges being dropped, the fact that two distinct charges were being disposed of at one sentencing hearing did not constitute one of those charges as a predicate for another criminal charge pending, within the meaning of section 8 of the Act. In *People v. Morguez* (1980), 90 Ill. App. 3d 471, 413 N.E.2d 128, the appellate court held that when the defendant had five unrelated felonies before the same court in which the defendant was awaiting sentencing, the defendant was not precluded from participating in drug treatment because of section 8 of the Act. Likewise, we believe that when the defendant's guilt has been adjudicated or the defendant has entered a plea of guilty and is merely awaiting sentencing, there are no pending felony charges as contemplated within section 8 of the Act.

■■ In view of the foregoing considerations, the defendant's conviction is affirmed. We vacate the sentence and remand the cause to the circuit court of Vermilion County for the court to advise the defendant pursuant to section 10 of the Act.

Conviction affirmed; sentence vacated; cause remanded with directions.

TRAPP, P. J., and LONDRIGAN, J., concur.