THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GREGORY P. ROHMAN, Defendant-Appellant.

Third District   No. 82—556

Opinion filed August 17, 1983.

Robert Agostinelli and Sue Angustus, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Gregory P. Rohman, was convicted of two counts of reckless homicide and one count of driving while under the influence of intoxicating liquor following a bench trial. (Ill. Rev. Stat. 1981, ch. 38, par. 9—3(a); ch. 95½, par. 11—501(a).) He was sentenced to three years' imprisonment for each count of reckless homicide and 364 days' imprisonment for driving while under the influence of intoxicating liquor, the sentences to run concurrently.

On appeal, the defendant challenges the propriety of his sentences. He asserts the trial court abused its discretion in sentencing him to the maximum three-year term of imprisonment for reckless homicide and the maximum 364 days for driving under the influence of intoxicating liquor. He also contends the trial court erred in not advising him of an option to elect treatment under the Dangerous Drug Abuse Act. (Ill. Rev. Stat. 1981, ch. 91½, par. 120.1 et seq.) He requests vacation of his sentence and remandment to the trial court for resentencing or in the alternative, the imposition of less than maximum term sentences by this court under the authority of Supreme Court Rule 615 (87 Ill. 2d R. 615).

At approximately 11 p.m. on September 11, 1981, the defendant "clipped" a vehicle in front of him on Route 26 in Tazewell County. In the back seat of the vehicle "clipped" by the defendant's automobile were Rebecca Kaufmann and her three-week-old son, Curtis. Twenty-one-year-old Jeffrey Kaufmann, husband of Rebecca and father of Curtis, was in the front seat. Jeffrey's uncle, Ron Kaufmann, was driving the automobile. As a result of the impact the Kaufmann automobile burst into flames, killing Jeffrey and Curtis Kaufmann and severely burning Rebecca and Ron Kaufmann. The Kaufmann automobile had just pulled out of the Grandview Trailer Park into the south bound lane of Route 26, also known as Spring Bay Road.

The defendant, an admitted drug and alcohol addict, had consumed at least eight beers on the date in question. He failed a field sobriety test administered shortly after the accident. In the opinion of six Illinois State police officers who investigated the accident, the defendant was intoxicated at the time of the collision. An examination of the defendant's car after the accident revealed the steerage linkage was intact, although there was no power steering fluid in the fluid line. The brakes were badly worn, but the car had some braking

power.

At the defendant's sentencing hearing, the trial court heard the testimony of Elizabeth Alsup-Crawley, a representative of Treatment Alternatives to Street Crimes (TASC). Her opinion, based on a two- to four-hour interview with the defendant and review of two evaluations of the defendant done by Lutheran General Hospital in 1974 and by the Central Illinois Narcotics and Drug Evaluation in 1982, was that the defendant could be rehabilitated following long and intensive treatment. Another psychological evaluation before the court was prepared by Michael A. Campion, Ph. D., and Steven A. Hammon, M.A. The Campion-Hammon report suggested serious reservations about the defendant's potential for rehabilitation.

The defendant's history of heavy and prolonged drug and alcohol abuse was made known to the court, as were the defendant's failed attempts to rehabilitate himself. In addition, the court considered the defendant's prior criminal record, consisting of theft in 1971, battery in 1973, disorderly conduct in 1975 and driving while license suspended and unlawful possession of a hypodermic needle in 1977.

Each of these factors, in addition to the nature and circumstances of the offense, was considered by the trial judge in sentencing the defendant. The judge's remarks allude to a number of the factors considered:

> "*** You drove recklessly. In addition to that, you failed to keep your car in a safe operating condition, and in addition to that, you drove while you were intoxicated, and even though you didn't intend it, as a result, two persons were killed and two very seriously injured, and you are going to have to live with it. You exposed yourself to that situation, and that is what happened, and I am surprised that this sort of an accident hadn't happened a long time ago to you. You have had a long history of drugs and alcohol abuse, and you have had plenty of time to cure yourself, if you are ever going to do it, but you failed to do it. For these reasons and those stated by the State, you are not a good risk for probation and you should be sentenced to imprisonment. Imprisonment is necessary for three reasons: One, to deter others from committing the same crime; two, to protect society from any further criminal conduct as you have just been found guilty of; and three, probation in this case would deprecate the seriousness of your conduct and would be inconsistent with the ends of justice."

Considerable discretion is accorded the trial judge in matters of sentencing. Where no abuse of that discretion is shown, a re-

viewing court will not substitute its judgment for that of the trial court, even if the reviewing court might have imposed a different sentence. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Kerans* (1982), 103 Ill. App. 3d 522, 431 N.E.2d 726.) The imposition of maximum sentences in the instant case was not at variance with the spirit of the law or improper.

The defendant contends that his sentence must be vacated and a new sentencing hearing held because the trial court did not advise him of an option to elect treatment under the Dangerous Drug Abuse Act. (Ill. Rev. Stat. 1981, ch. 91½, par. 120.1 *et seq.*) Section 120.10 of the Act provides:

> "If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election provided for under Section 8, the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a licensed program designated by the Commission." (Ill. Rev. Stat. 1981, ch. 91½, par. 120.10.)

This section has been interpreted to mean that when there is reason to believe an eligible defendant is an addict, he must be advised of his option to elect treatment. (*People v. Chaput* (1981), 100 Ill. App. 3d 982, 427 N.E.2d 595.) A circuit court's discretion to offer a convicted defendant a chance to receive treatment under the Act arises if the defendant is eligible according to section 8 of the Act and there is reason to believe the defendant is an addict. (*People v. Melson* (1976), 36 Ill. App. 3d 71, 343 N.E.2d 258.) When a circuit court is required to exercise its discretion under the Act, the record must show that the court has indeed exercised its discretion. (*People v. Dill* (1974), 23 Ill. App. 3d 503, 319 N.E.2d 240; *People v. Smith* (1974), 23 Ill. App. 3d 387, 319 N.E.2d 238.) However, this requirement does not mean that the Act's provisions need be specifically referred to; rather, the record must reveal that the trial judge was cognizant of the Act and considered it in sentencing the defendant. *People v. Edwards* (1976), 44 Ill. App. 3d 353, 358 N.E.2d 372.

It is clear that the defendant in the case at bar was not advised by the lower court of his right to elect treatment as an addict under the Act. It is equally clear that the court was aware that the defendant was an addict. The defendant admitted as much and the evaluation before the court revealed the defendant's long-term addiction to both alcohol and drugs. However, the defendant did not file a petition

to elect to receive treatment under the Act. Thus, the court need not have exercised its discretion in deciding whether the defendant qualified under the Act. (*People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323.) Even if, however, the defendant had petitioned to elect treatment, the defendant would have had to qualify under section 8 of the Act.

Section 8 of the Act provides in pertinent part:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of a licensed program designated by the Commission instead of prosecution or probation, as the case may be, unless (a) the crime is a crime of violence, \*\*\* (c) the addict has a record of 2 or more convictions of a crime of violence, \*\*\* (f) the addict elected and was admitted to a treatment program on two prior occasions within any consecutive two-year period." (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8.)

The State contends the defendant was not eligible for treatment under the Act because (1) he elected and was admitted to a treatment program on two prior occasions within a consecutive two-year period and (2) he was convicted of a crime of violence.

In the spring of 1974, the defendant voluntarily underwent treatment for his drug problems at Lutheran General Hospital in Park Ridge, Illinois. He remained in the hospital three weeks and completed the program. Two and one-half years later, on October 1, 1976, the defendant entered the Zeller Mental Health Center for treatment of depression and drug dependence. He remained at the Center for six weeks. In 1977, he attended the Stonehedge Methadon Clinic in Peoria, Illinois, completing a 21-day detox methadon treatment program. The treatments at Zeller and Stonehedge were within a two-year period. This fact precludes the defendant's eligibility under section 8(f) of the Act, unless the language of section 8 is interpreted, as the defendant so urges, to mean that the election and admission to a treatment program under subsection (f) must have occurred after the individual making the election was charged with or convicted of a crime. This issue appears to be one of first impression. Neither party to this appeal has cited to authority for their respective positions, and we have been unable to locate case law directly on point. Thus, we look to the language of the statute to determine the defendant's eligibility.

■ We disagree with the defendant's argument that the election and admission to "a treatment program" under section 8(f) of the Act must have occurred after the defendant was charged with or con-

victed of a crime to disqualify the defendant from electing treatment under the Act. As we read the statute, any entry by an individual into a voluntary treatment program on two prior occasions within any consecutive two-year period disqualifies that individual from eligibility for treatment under the Act. We believe this interpretation is a fair reading of the plain and obvious meaning of the language in the statute. In addition, we believe our interpretation supports the strong legislative policy favoring the prevention of drug abuse and encouraging treatment and rehabilitation of drug addicts as expressed in section 2 of the Act. That policy must be balanced against the equally laudable goals of protecting society against the consequences of an addict's actions and punishment for wrongdoing. (Ill. Rev. Stat. 1981, ch. 91½, par. 120.2; *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49.) The defendant in the instant case attempted on three previous occasions to rehabilitate himself. That he was unable to do so is indeed unfortunate, for him and for the members of the Kaufmann family. The defendant has failed at his attempts to cure his problem. Evaluations of the defendant express grave doubts about his ability to adhere to a treatment program for a sufficient length of time to produce positive results. In the meantime, his addiction and resulting behavior have been the cause of immense tragedy. Interpreting the Dangerous Drug Abuse Act in a manner which eliminates the possibility of treatment for this defendant under the Act appears to this court both reasonable and prudent.

Because we find the defendant ineligible for treatment under section 8(f) of the Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8(f)), we will not address the issue of whether the defendant's conviction of reckless homicide is a conviction of a crime of violence under the Act. (Ill. Rev. Stat. 1981, ch. 91½, pars. 120.3—8, 120.8(a).) Any comments we might choose to make on this issue would be merely *obiter dicta*, and such is not needed.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

STOUDER, P.J., and ALLOY, J., concur.