THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK BRAJE, Defendant-Appellant.

Second District No. 84—115

Opinion filed February 19, 1985.

Kathleen Zellner, John N. Pieper, and Aldo E. Botti, all of Botti, Marinaccio & Maksym, of Oak Brook, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCHNAKE delivered the opinion of the court:

Defendant, Mark Braje, appeals from two orders of the circuit court of Du Page County which denied his motion to withdraw his guilty plea and vacate his conviction and his motion for a reduced sentence. In his motion to withdraw his guilty plea, defendant alleged that the trial court failed to advise him of his right to elect treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1983, ch. 91½, pars. 120.1 through 120.29) or to order a presentence report. The trial court denied that motion on the basis that another felony was pending and no updated presentence report was needed. Defendant also argues that the trial court erred in denying his motion to reduce his sentence because the sentence imposed was excessive under the circumstances.

Defendant's encounters with the criminal justice system which led to his eventual pleas of guilty on two separate burglary charges and a residential burglary charge, and three concurrent prison sentences of seven years for each of the burglaries and eight years for the residential burglary, entailed proceedings before three different judges of the circuit court of Du Page County. Initially, the State charged defendant with, among other charges, burglary on March 22, 1982 (No. 82 CF 248—01). He pleaded guilty to burglary before

Judge Peccarelli on August 9, 1982, and the State *nolle prossed* the other charges (No. 82 CF 885, 886, 887, 888). On October 28, 1982, defendant filed a motion to elect treatment as an addict. The court directed that defendant contact a specified drug abuse treatment center to determine his eligibility. Apparently, defendant, after contacting a center, withdrew this motion.

On January 27, 1983, defendant was charged with burglary (No. 83 CF 131—01), theft (No. 83 CF 131—02), attempted burglary (No. 83 CF 132—01), attempted burglary (No. 83 CF 132—02), and criminal damage to property (No. 83 CF 132—03). These proceedings were before Judge Helen C. Kinney. Defendant filed a motion to elect treatment on all five of these counts on March 2, 1983. Again, it appears that defendant subsequently withdrew this motion.

On June 15, 1983, defendant was charged by information with residential burglary (No. 83 CF 400—01) and theft under $300 (No. 83 CF 400—02). These proceedings were before Judge Carl F. J. Henninger.

The proceedings before Judges Kinney and Henninger were transferred to Judge Peccarelli for implementation of a plea agreement. On August 31, 1983, defendant pleaded guilty to burglary (No. 83 CF 131—01) and residential burglary (No. 83 CF 400—01). The State *nolle prossed* all of the other charges pursuant to a plea agreement. The agreement further provided that defendant's probation on a prior proceeding would be terminated unsatisfactorily (No. 81 CF 688). During this hearing, the State outlined the factual basis for the pleas of guilty on the charges previously pending before the other judges. The plea of guilty to burglary involved defendant's remaining in a drug store until it closed, breaking into a drug cabinet, taking a large amount of drugs, and then breaking out of the store. The residential burglary involved defendant's breaking and entering into a residence and taking an item of jewelry. The earlier burglary charge arose from the breaking and entering of a doctor's office and the theft of certain drugs and prescription blanks from a prescription pad.

After accepting defendant's guilty pleas, the court conducted a sentencing hearing. The court referred to the presentence report prepared in the initial burglary proceeding (No. 82 CF 248) and asked whether defendant wished to add anything to that report. The only new information presented consisted of the fact that defendant had been employed for the past two months. The court then asked whether there was any criminal activity other than those matters appearing before him or those set forth in the presentence report.

Defendant and the State answered in the negative. The court then sentenced defendant to three concurrent terms of imprisonment, seven years on each of the two burglaries and eight years on the residential burglary.

On September 30, 1983, defendant filed a motion for reduction of his sentence and a motion to withdraw his guilty pleas and vacate his convictions. The motion to withdraw his guilty pleas was subsequently amended on December 23, 1983. Defendant alleged in that motion, *inter alia*, that the trial court erred in failing to advise him of this right to elect treatment under the Dangerous Drug Abuse Act. He noted that the presentence report indicated a serious drug problem and that since that report was filed on September 16, 1982, significant events occurred of which the court should have been apprised prior to accepting defendant's guilty plea—specifically, that he was addicted to a controlled substance at the time that the residential burglary was committed. He alleged that on March 16, 1983, he was voluntarily admitted to a hospital with the following diagnosis: Alcoholism episodic; drug addiction by history; major depression, recurrent. He was discharged from the hospital with the final discharge diagnosis being: Major depression, recurrent, controlled with medication; alcoholism episodic; drug addiction by history. On April 18, 1983, 10 days after his discharge, defendant was readmitted to the hospital for further treatment and discharged on the next day. The doctor who treated defendant executed an affidavit which was attached to defendant's motion, which, in addition to supporting the allegations in the motion, added that immediately prior to defendant's March 16 admission, he had an extensive cocaine habit and was using cocaine at least five times per week. Defendant further alleged in his motion that an updated presentence report should have been ordered by the court because it would have apprised the court of the relevant facts.

At the January 11, 1984, hearing on defendant's motion to withdraw his guilty pleas, the court found that since other charges were pending against defendant and those charges had been transferred there for the implementation of the plea agreement, defendant was not eligible for treatment under the Dangerous Drug Abuse Act. Further, the court found that no error resulted from the lack of an updated presentence report. Consequently, the court denied defendant's motion.

On February 9, 1984, the court conducted a hearing on defendant's motion to reduce his sentence, and at the conclusion of this hearing denied the motion.

Defendant filed timely notice of appeal from both of these orders on February 10, 1984.

■■ Defendant argues two bases upon which the trial court should have granted his motion to withdraw his guilty pleas and vacate his convictions. Defendant's second basis, the trial court's failure to order an updated presentence report, will be addressed first.

Section 5—3—1, as amended, of the Unified Code of Corrections requires that the trial court consider a written presentence report before sentencing a defendant unless the defendant and the State agree to the imposition of a specific sentence "provided there is a finding made for the record as to the defendant's history of delinquency or criminality ***." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—3—1.) Thus, where the State and the defendant agree to a specific sentence, the requirement that the trial court be presented with a presentence report may be waived. (See *People v. Youngbey* (1980), 82 Ill. 2d 556, 561; *People v. Casper* (1981), 97 Ill. App. 3d 787, 790.) However, dispensing with a presentence report requires the trial court to make a finding for the record as to the defendant's history of delinquency or criminality. Defendant argues in the instant case that the trial court made no such finding. However, the record of the sentencing hearing discloses that the court asked whether any criminal activity of defendant other than those cases appearing before it and those which were set forth in the prior presentence report existed. The court received a negative response. This exchange indicates that, although the court did not specifically state its finding, it clearly arrived at such a finding based on the presentence report. Thus the purpose of a presentence report, to insure that the trial judge has all necessary information concerning the defendant before sentencing is imposed, was satisfied under the circumstances. See *People v. Coleman* (1983), 120 Ill. App. 3d 619, 623, *aff'd* (1985), 105 Ill. 2d 290 (an updated presentence report unnecessary after the defendant's probation was revoked where a report was prepared at the original sentencing hearing, that report is relatively current and the defendant is given the opportunity to present any additional information).

■ Defendant's other point outlined in his motion to withdraw his guilty pleas involves the Dangerous Drug Abuse Act. Section 8 of that Act provides in pertinent part that "[a]n addict *** convicted of a crime is eligible to elect treatment under the supervision of a licensed program *** instead of prosecution or probation, *** unless *** (d) other criminal proceedings alleging commission of a felony are pending against the addict, or *** (f) the addict elected

and was admitted to a treatment program on two prior occasions within any consecutive two-year period." (Ill. Rev. Stat. 1983, ch. 91½, par. 120.8.) Sections 9 and 10 of the Act, read together, provide that if a court has "reason to believe" that an individual charged with or convicted of a crime is an addict and the court finds that he is eligible to make the election provided for in section 8, the court shall advise him of the possibility of treatment under the Act. (Ill. Rev. Stat. 1983, ch. 91½, pars. 120.9, 120.10.) Recently, our supreme court found that the purpose of this provision is informational and held that it "requires the trial judge to inform every defendant whom he knows or has reason to believe is an addict of the possibility of treatment under the Act ***." (*People v. Richardson* (1984), 104 Ill. 2d 8, 17.) The trial court's duty to advise a defendant of this right to elect treatment, however, is triggered only when the prerequisites of section 8 have been satisfied. (*People v. Berry* (1983), 118 Ill. App. 3d 1024, 1025-26.) A circuit court's discretion to offer a defendant a chance to receive treatment under the Act arises if the defendant is eligible according to section 8 of the Act and there is reason to believe that the defendant is an addict. (*People v. Rohman* (1983), 117 Ill. App. 3d 55, 58.) When a trial court is required to exercise its discretion under the Act, the record must show that the court has indeed exercised its discretion. 117 Ill. App. 3d 55, 58.

The record of the sentencing hearing in the instant case discloses that the trial court did not exercise its discretion under the Act when it sentenced defendant. In denying defendant's motion to withdraw his guilty pleas, the court stated that defendant was not eligible under section 8 of the Act for treatment because the other felony proceedings which were pending against him before other judges were transferred to it only for implementation of the negotiated plea agreement. The court continued that therefore the decision in *People v. Morguez* (1980), 90 Ill. App. 3d 471, was inapplicable. In *Morguez*, the trial court found the defendant ineligible for treatment because there were other felony proceedings pending against the defendant. The appellate court remanded the cause to the trial court with directions that it exercise its discretion to grant or deny the defendant treatment under the Act. The reviewing court held that although the defendant had been indicted for five unrelated felonies, which were all pending before the same trial court, once the court accepted the defendant's pleas of guilty, he was a convicted felon and no other criminal proceedings alleging commission of a felony were pending against him. (90 Ill. App. 3d

471, 479.) The court continued that the most obvious purpose behind this disqualifying factor is to prevent the trial court from initiating a rehabilitation program when the defendant might still be sentenced in another courtroom for a crime, the circumstances of which the present sentencing judge might have no knowledge. *People v. Morguez* (1980), 90 Ill. App. 3d 471, 480.

The holding in *Morguez*, and other cases which have arrived at holdings in accord therewith (see *People v. Chaput* (1981), 100 Ill. App. 3d 982, 985; *People v. Myers* (1976), 36 Ill. App. 3d 458, 463), should apply in the instant case. The fact that the charges had been pending before other judges does not appear sufficient reason to hold *Morguez* inapplicable. After the court here accepted defendant's guilty pleas, no other felony proceedings were pending against him. Thus, immediately prior to sentencing, defendant was not disqualified from electing treatment under the Act on the basis relied upon by the trial judge.

To support the trial court's order denying defendant's motion to withdraw his guilty pleas, the State contends, as it did below, that defendant's two voluntary admissions to the hospital constitute an election and admission to a treatment program on two prior occasions within the meaning of section 8(f) of the Act which provides that under those circumstances, a defendant may not elect treatment under the Act. Defendant argues that section 8(f) did not disqualify him from electing treatment since the language of that subsection indicates that the treatment program must be one conducted and approved by the Dangerous Drug Commission. However, the appellate court in *People v. Rohman* (1983), 117 Ill. App. 3d 55, rejected a related argument. The court stated: "We disagree with the defendant's argument that the election and admission to 'a treatment program' under section 8(f) of the Act must have occurred after the defendant was charged with or convicted of a crime to disqualify the defendant from electing treatment under the Act. As we read the statute, any entry by an individual into a voluntary treatment program on two prior occasions within any consecutive two-year period disqualifies that individual from eligibility for treatment under the Act." (117 Ill. App. 3d 55, 59-60.) In *Rohman*, the court consequently held that the defendant was ineligible to elect treatment under the Act. There, however, unlike the court in the instant case, the court had evidence of three separate treatment programs which the defendant voluntarily underwent. Here, the record does not establish that defendant underwent "a treatment program" by his voluntary admissions to the hospital. Further, it appears that the

second admission was a continuation of the initial admission in that it occurred 10 days after he had been discharged and consisted of hospitalization for only one day. Under these circumstances, it does not appear that defendant had been admitted to a treatment program on two prior occasions within the meaning of section 8(f) of the Act.

■■ ■ Having concluded that defendant was eligible under section 8 of the Act to elect treatment, the next inquiry focuses upon whether the trial court had reason to believe that defendant was an addict within the meaning of section 10 of the Act. The court never stated on the record its findings in this regard. Nevertheless, this court has authority to review the facts to determine whether there was reason to believe that defendant was an addict even though the court below made no such determination. *People v. Beasley* (1982), 109 Ill. App. 3d 446, 454.

"Reason to believe" as used in this statute is the semantic equivalent of probable cause. (*People v. Futia* (1983), 116 Ill. App. 3d 68, 72.) An addict is "any person who habitually uses any drug, chemical, substance or dangerous drug other than alcohol so as to endanger the public morals, health, safety or welfare or who is so far addicted to the use of a dangerous drug or controlled substance other than alcohol as to have lost the power of self control with reference to his addiction." (Ill. Rev. Stat. 1983, ch. 91½, par. 120.3—3.) Whether there is reason to believe that an individual who has been convicted of a crime is an addict must be determined from the facts presented in each case. Whether those facts, gathered from evidence or information presented during a trial or a sentencing hearing, reach the extent of the statutory definition of addict, cannot be determined from fixed rules or guidelines. (*People v. Flores* (1979), 79 Ill. App. 3d 869, 876; *People v. Newlin* (1975), 31 Ill. App. 3d 735, 740-41.) This section, however, does not require the trial court to initiate an inquiry to determine whether there is reason to believe that the defendant is an addict. (*People v. Hannon* (1981), 97 Ill. App. 3d 358, 362; *People v. Melson* (1976), 36 Ill. App. 3d 71, 73.) Rather, this section only requires that when sufficient facts are brought to the attention of the trial court showing that there is reason to believe that the defendant is an addict, the court must exercise its discretion and consider alternative treatment under the Act; where the record does not reflect that the trial court ever considered whether defendant was an addict or the appropriateness of allowing the accused to choose treatment under the Act, the cause will be remanded for a new sentencing hearing. *People v. Benedetto*

(1981), 102 Ill. App. 3d 10, 19; *People v. Dill* (1974), 23 Ill. App. 3d 503, 506.

In this case a number of facts, when considered together, lead to the conclusion that probable cause existed that defendant was an addict. The two burglary offenses involved the theft of drugs and blank prescription slips. Defendant's brother informed the probation officer who submitted the presentence report that defendant developed a serious drug problem when he was 18 or 19 years old. On the date that the report was completed, defendant was 20 years old. The presentence report indicated that defendant had a poor employment history. Defendant's brother said that the personnel department of defendant's most recent employer recommended that defendant receive treatment for a drug problem. Defendant told the probation officer that a doctor wanted him to attend a 28-day drug abuse program, but defendant had decided against it. Defendant admitted that he smoked marijuana every once in a while and that he started using heavier drugs, downers, Quaaludes and Valiums, when he worked for his last employer, and that he had developed a psychological dependence upon them. He denied using any of these drugs since the initial burglary offense on which he pleaded guilty. Defendant's brother, however, said that defendant had a bad drug problem but that defendant would not recognize or admit it. The probation officer noted that defendant may benefit from an inpatient treatment program for substance abuse.

The trial court was also made aware that defendant voluntarily admitted himself to a hospital to avail himself of drug rehabilitation. During the hearing on defendant's motion to reduce his sentence, the court explained that the delay in sentencing defendant on the first burglary guilty plea was attributable to defendant's desire to avail himself of drug rehabilitation.

When comparing the above facts with decisions in other cases, it appears that probable cause existed that defendant was an addict. In *People v. Melson* (1976), 36 Ill. App. 3d 71, the court found that where the presentence report indicated that the defendant had a serious dependence on drugs and the probation officer recommended treatment, the trial court had reason to believe that the defendant was an addict. Although the probation officer in the instant case did not make a recommendation since the court did not request one, he nevertheless advised the court that defendant would benefit from treatment. In *People v. Dill* (1974), 23 Ill. App. 3d 503, the appellate court found that evidence that the defendant had voluntarily enrolled in a drug rehabilitation program, had told the probation offi-

cer that he had been a heavy drug user since he was stationed in Vietnam in the early 70's, and was under the influence at the time he committed the crime, raised the belief that defendant was an addict.

Another factor in determining whether sufficient facts exist to establish that the trial court had reasonable doubt to believe that defendant was an addict is the relation of crimes committed to the defendant's drug addiction. (See *People v. Chaput* (1981), 100 Ill. App. 3d 982, 984 (crime was intended to obtain money to supply habit and the defendant had voluntarily enrolled in a drug rehabilitation program); *People v. Robinson* (1973), 12 Ill. App. 3d 291, 294 (crime committed to obtain money to supply habit and the defendant had a reputation as a known narcotic addict).) Reason to believe that the defendant was an addict existed in *People v. Miller* (1976), 43 Ill. App. 3d 290, where the defendant led a drug- and tavern-oriented lifestyle, excessively used alcohol and other drugs, and the presentence report advised that defendant should go for drug abuse therapy even though the report stated that defendant was currently free from drug dependency. In *People v. Flores* (1979), 79 Ill. App. 3d 869, the court found that the facts presented were sufficient to establish reason to believe that the defendant was an addict. There, the defendant voluntarily committed himself to a drug abuse program, stated in the presentence report that he was addicted to heroin, and maintained a sporadic work history.

In those cases where the appellate court rejected a defendant's contention that the trial court was apprised of sufficient facts to alert it that the defendant was an addict, the facts supportive of the defendant's position were minimal. For example, in *People v. Knowles* (1977), 48 Ill. App. 3d 296, the defendant had said that he no longer used heroin on a regular basis, although he also stated that he had recently used barbituates; the court found that there was no evidence that defendant's drug use amounted to addiction. Similarly, in *People v. Jones* (1981), 97 Ill. App. 3d 619, the court said that, although the defendant may have had a drug problem, that alone did not establish a reason to believe that the defendant was an addict. See also *People v. Noascono* (1980), 80 Ill. App. 3d 921, 926 (although the defendant had a history of extensive drug use, he had not used drugs in the recent past and no longer had a need for them); *People v. Futia* (1983), 116 Ill. App. 3d 68.

██ In the instant case, sufficient facts were brought to the attention of the trial court through the presentence report, the nature of the offenses, and defendant's hospital admission to establish prob-

able cause to believe that he was an addict. Although defendant advised the court during the sentencing hearing that he had obtained employment, which may have negated a conclusion that he was a drug addict (see *People v. Edwards* (1975), 29 Ill. App. 3d 625, 629), the other evidence appears to outweigh this factor. Consequently, the trial court should have advised defendant of his right to elect treatment under the Act.

 The State further argues that the two bases which defendant alleged to support his motion to withdraw his guilty pleas and vacate the convictions were insufficient as a matter of law. The decision whether to permit withdrawal of a plea of guilty lies within the sound discretion of the trial court. (*People v. Smithey* (1983), 120 Ill. App. 3d 26, 31.) A defendant should be permitted to withdraw a guilty plea where he sustains his burden of establishing that he pleaded guilty based either upon a misapprehension of the law or the facts which led him to plead guilty, or that it is necessary to permit the withdrawal to correct a manifest injustice based upon the facts of the case. (*People v. Hudson* (1981), 95 Ill. App. 3d 350, 354; *People v. Burrell* (1978), 66 Ill. App. 3d 806, 807.) It has been held that a motion to vacate a guilty plea can encompass the issue of whether the trial court erroneously failed to permit the defendant to elect treatment under the Dangerous Drug Abuse Act. (See *People v. Morguez* (1980), 90 Ill. App. 3d 471; see also *People v. Stickler* (1975), 31 Ill. App. 3d 726, 729 (where defendant had pleaded guilty, the appellate court *sua sponte* vacated his sentence and remanded the cause for a new sentencing hearing because the trial court had failed to exercise its discretion in considering the Dangerous Drug Abuse Act).) Thus, a trial court's failure to consider the Act in sentencing a defendant is an issue cognizable under a motion to withdraw a guilty plea. The cases cited by the State for the proposition that the expectation of a lower sentence is an insufficient basis to support a motion to withdraw a guilty plea (see *People v. Hudson* (1981), 95 Ill. App. 3d 350, 354; *People v. Burrell* (1978), 66 Ill. App. 3d 806, 808; *People v. Taylor* (1977), 48 Ill. App. 3d 925, 927-28) are inapposite, since the issue here is not based on defendant's expectation of a lower sentence.

 ██ Defendant argues that the sentence of eight years' incarceration in the Department of Corrections is excessive. This sentence was imposed on the residential burglary negotiated plea of guilty. He does not argue in his brief that the two concurrent seven-year terms of imprisonment imposed on him based upon the other burglaries are excessive. With respect to the imposition of this

eight-year term of imprisonment sentence, the court entered this sentence based upon defendant's negotiated plea of guilty contemplating that specific sentence. Where a defendant enters a negotiated plea of guilty, he voluntarily accepts the sentence, even if it is in excess of the statutory minimum and thereby recognizes and admits that such sentence is fair and justified in light of his history and character and the nature of the circumstances of the offense. (*People v. Whitehead* (1975), 32 Ill. App. 3d 615, 616.) Consequently, defendant cannot now complain that the sentence was excessive since he had agreed that it was an appropriate sentence under the circumstances.

The essence of defendant's argument on appeal is that the sentence imposed upon him is not justified for the protection of society or to advance his rehabilitation. He notes that he had been treated for drug abuse and has been recently employed. Further, he comments that the trial judge did not discuss his social and criminal background in any detail. His entire argument, which consists of only six sentences, is unconvincing. In his reply brief, defendant states that his main contention is that the trial court failed to make the necessary examination of his history and character. It is unclear whether defendant means that the trial court erred in not conducting a more extensive sentencing hearing or in not articulating a statement of reasons for the sentence imposed. In either case, no error resulted. A trial court has no independent duty to give a statement of reasons for the sentence imposed. (*People v. Davis* (1982), 93 Ill. 2d 155, 166.) Further, a trial court need not assign a value to each factor relied upon in determining a defendant's sentence. (*People v. Peacock* (1982), 109 Ill. App. 3d 684, 688.) With respect to the sentencing hearing, the court considered the presentence report and permitted defendant an opportunity to advise the court of new relevant information. Thus, the record does not support defendant's contention that the trial court failed to consider his history and character.

The defendant's conviction is affirmed, but the cause is remanded to advise defendant of his eligibility for treatment under the Dangerous Drug Abuse Act.

Affirmed and remanded.

STROUSE and HOPF, JJ., concur.