THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOSEPH WILLIAMS, Defendant-Appellant.

Second District   No. 85—0102

Opinion filed November 25, 1985.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, Joseph Williams, appeals from an order of the circuit court denying his petition to elect treatment pursuant to the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6322), and imposing a term of five years imprisonment upon a conviction for robbery. He contends that (1) the court erred in finding that robbery is a "crime of violence" which rendered defendant ineligible to elect treatment under the Act; and (2) the court abused its discretion in refusing to afford defendant treatment.

On April 30, 1984, the defendant pleaded guilty to robbery, where-

upon he was placed on probation for 30 months and ordered to reside at Halfway House and to perform 20 hours of public service. On October 17, 1984, the State filed a petition to revoke defendant's probation which it thereafter amended on the grounds that defendant had failed to reside at Halfway House or to perform public service and had committed three residential burglaries and an attempted robbery. Defendant admitted all the allegations of the petition except for the allegation that he failed to provide public service. The court revoked defendant's probation. At a hearing on defendant's petition to elect treatment under the Alcoholism and Substance Abuse Act, the court found defendant ineligible to elect treatment by reason of his conviction for a "crime of violence," and that even if he were eligible, he should not be admitted to a treatment program because he is a violent individual.

Under the Alcoholism and Substance Abuse Act an offender who is convicted of a "crime of violence" is ineligible to elect treatment for a drug addiction. (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6321.) Section 4.7 of the Act provides:

> " 'Crime of violence' means the following crimes: treason, murder, voluntary manslaughter, criminal sexual assault, aggravated criminal sexual assault, armed robbery, arson, kidnapping, aggravated battery, and any other felony which involves the use or threat of physical force or violence against another individual." (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6304.7.)

In the present case, the court reasoned that although robbery is not enumerated as a "crime of violence," the offense committed by this defendant fell within the definition of other felonies involving force or violence, since defendant had used a firearm in the commission of the offense.

We believe that the Illinois Supreme Court's opinion in *People v. McCoy* (1976), 63 Ill. 2d 40, 344 N.E.2d 436, is dispositive of this question. In *McCoy,* the court held that robbery is not a "crime of violence" within the meaning of section 4.7. In clear, unequivocal language, the court explained:

> "But in considering whether robbery was to be included within the broad language with which the amendment ends, one must not read that language literally and in isolation. Rather it is to be read in the context of its being part of a statutory amendment that substituted the offense of armed robbery for robbery in a listing of disqualifying crimes." (63 Ill. 2d 40, 44, 344 N.E.2d 436.)

(See also *People v. Young* (1979), 72 Ill. App. 3d 592, 593, 391 N.E.2d 17; *People v. Knowles* (1977), 48 Ill. App. 3d 296, 299, 362 N.E.2d 1087;

*People v. Edwards* (1976), 44 Ill. App. 3d 353, 355, 358 N.E.2d 372.) Thus, *McCoy* addresses the State's contention that neither the supreme court nor the legislature intended to preclude as a crime of violence a nonenumerated offense which involves the threat of physical violence. We conclude that the trial court in the present case erred in finding that the defendant was ineligible for treatment under the Alcoholism and Substance Abuse Act; however, it did not abuse its discretion in refusing to admit defendant to a treatment program.

A circuit court's discretion to offer a defendant a chance to receive treatment under the Act arises if the defendant is eligible according to section 21 of the Act and there is reason to believe that the defendant is an addict. (*People v. Braje* (1985), 130 Ill. App. 3d 1054, 1060, 474 N.E.2d 1364; *People v. Rohman* (1983), 117 Ill. App. 3d 55, 58, 452 N.E.2d 898.) The court may consider the record of the defendant and the likelihood of rehabilitation through treatment under the program. (*People v. Rentas* (1980), 83 Ill. App. 3d 543, 546, 404 N.E.2d 479; *People v. Fox* (1979), 69 Ill. App. 3d 11, 13, 386 N.E.2d 1138.) Although the purpose of the Act is to prevent drug abuse and encourage the treatment and rehabilitation of drug addicts, this policy must be balanced against the equally laudable goals of protecting society against the consequences of an addict's actions and punishment for wrongdoing. (*People v. Rohman* (1983), 117 Ill. App. 3d 55, 60, 452 N.E.2d 898.) The trial court's denial of a petition seeking treatment will not be reversed absent a showing the court abused its discretion or acted in a purely arbitrary manner. *People v. Kuesis* (1980), 83 Ill. 2d 402, 406, 415 N.E.2d 323.

The record in the present case contains ample evidence to support a finding that defendant was an addict; however, it also shows that the court had given the defendant an opportunity to rehabilitate himself and that he failed to do so. As a condition of his probation, defendant entered a residential drug treatment program, where he continued to use drugs, was uncooperative and eventually left the program. While on probation, defendant committed three residential burglaries and an attempted robbery. The record well supported the court's conclusion that the defendant was unlikely to comply with a treatment program and that he was a definite threat to society. For these reasons, the circuit court's denial of the petition and its imposition of a five-year term of imprisonment are affirmed.

Affirmed.

UNVERZAGT and STROUSE, JJ., concur.