THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALPHERA SULLIVAN, Defendant-Appellant.

Second District   No. 2—01—0149

Opinion filed July 24, 2002.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's

Attorneys Appellate Prosecutor's Office, of counsel), and Howard M. Goldrich, of Lincolnwood, for the People.

JUSTICE BYRNE delivered the opinion of the court:

Pursuant to an agreement with the State, defendant, Alphera Sullivan, pleaded guilty in the circuit court of Du Page County to forgery (720 ILCS 5/17—3(a)(1) (West 1996)), a Class 3 felony. The trial court sentenced her to an extended term of six years' imprisonment. Defendant argues on appeal that the trial court erred in sentencing her to a prison term without advising her that she might be placed on probation if she elected treatment under section 40—5 of the Alcoholism and Other Drug Abuse and Dependency Act (Act) (20 ILCS 301/40—5 (West 1996)). We affirm.

The record contains a preplea report indicating that defendant had an extensive criminal history, although she apparently had never been convicted of a crime of violence, as defined in section 1—10 of the Act (20 ILCS 301/1—10 (West 1996)), that would disqualify her from electing treatment under the Act. The preplea report also indicated that there were unrelated misdemeanor charges pending against defendant in Du Page County and Kane County. More significantly, according to the report, a separate charge of forgery was also pending in Kane County. In addition, the report details defendant's long history of substance abuse, including daily heroin use until her arrest.

Defendant entered her plea on November 21, 1997, and was sentenced the same day. The trial court did not advise her that she might elect treatment under the Act. On December 19, 1997, defendant moved for reconsideration of her sentence, arguing that it was disproportionate to the offense. At the hearing on the motion, defendant presented evidence that her incarceration was a hardship to her family because her mother, who suffered from respiratory problems, was left to care for one of defendant's sons, who had been severely disabled in a shooting. The trial court denied the motion and defendant appealed. We held that, because defendant's attorney had failed to file a certificate under Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), it was necessary to remand the case to the trial court for proceedings in compliance with that rule and that defendant should be permitted to file a new motion for reconsideration of her sentence. *People v. Sullivan*, No. 2—99—0053 (2000) (unpublished order under Supreme Court Rule 23).

On remand, defendant's attorney filed a Rule 604(d) certificate but chose to stand on the original motion for reconsideration. On defense counsel's request, the preplea report was updated. The updated report

disclosed that the pending felony charge in Kane County had been resolved; on November 25, 1997—four days after sentencing in this case—the circuit court of Kane County sentenced defendant to a two-year prison term for forgery. The trial court again denied defendant's motion for reconsideration, and this appeal followed.

■ Defendant contends that the trial court erred in failing to advise her of the right to elect treatment under section 40—5 of the Act, which provides in pertinent part:

"An addict or alcoholic who is charged with or convicted of a crime may elect treatment under the supervision of a licensed program designated by the [Illinois] Department [of Human Services], referred to in this Article as 'designated program', unless:

\* \* \*

(4) other criminal proceedings alleging commission of a felony are pending against the person[.]" 20 ILCS 301/40—5(4) (West 1996).

Section 40—10(a) of the Act delineates the trial court's obligation to inform criminal defendants of the opportunity for treatment:

"If a court has reason to believe that an individual who is charged with or convicted of a crime suffers from alcoholism or other drug addiction *and the court finds that he is eligible to make the election provided for under Section 40—5*, the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a designated program." (Emphasis added.) 20 ILCS 301/40—10(a) (West 1996).

■ At the time defendant was sentenced on November 21, 1997, the preplea report reflected a pending felony charge in the circuit court of Kane County. Based on the preplea report, the trial court could not have found that defendant was eligible to elect treatment pursuant to section 40—5 of the Act; therefore, the trial court was not required to advise defendant of the right to elect treatment. Defendant notes, however, that she was sentenced in connection with the Kane County forgery charge on November 25, 1997, and it is possible that she had already pleaded guilty or been found guilty of the offense before sentence was imposed in this case. The argument is based on pure speculation, however. It is also entirely possible that, as with the Du Page County forgery charge, defendant pleaded guilty to the Kane County charge and was sentenced on the same day.

Even if *guilt* had previously been determined in the Kane County prosecution, we believe the charges should still have been considered pending until defendant was sentenced on November 25, 1997. See *People v. Phillips*, 39 Ill. App. 3d 387, 391 (1976) ("Once the court had

disposed of the charges by sentencing Phillips, the charges ceased to be pending against Phillips \*\*\*"), *rev'd on other grounds*, 66 Ill. 2d 412 (1977). Defendant's reliance on our decision in *People v. Braje*, 130 Ill. App. 3d 1054 (1985), is misplaced. In *Braje*, various charges were pending in proceedings before three different judges of the circuit court of Du Page County. The defendant pleaded guilty to a burglary charge in one of the prosecutions. Before the defendant was sentenced, the other two cases were transferred to the judge before whom the defendant entered his plea. The transfer was designed to implement a plea agreement concerning those cases. The court accepted the defendant's guilty pleas in the two transferred cases and imposed sentences in all three cases. The defendant later moved to withdraw his guilty pleas, arguing that the trial court had failed to advise him that he could elect treatment. The trial court denied the motion, concluding that "since other charges were pending against defendant and those charges had been transferred there for the implementation of the plea agreement, defendant was not eligible for treatment." *Braje*, 130 Ill. App. 3d at 1058. Citing *People v. Morguez*, 90 Ill. App. 3d 471 (1980), we rejected the trial court's conclusion that the defendant was ineligible to elect treatment:

"In *Morguez*, the trial court found the defendant ineligible for treatment because there were other felony proceedings pending against the defendant. The appellate court remanded the cause to the trial court with directions that it exercise its discretion to grant or deny the defendant treatment under the Act. The reviewing court held that although the defendant had been indicted for five unrelated felonies, *which were all pending before the same trial court*, once the court accepted the defendant's pleas of guilty, he was a convicted felon and no other criminal proceedings alleging commission of a felony were pending against him. [Citation.] *The court continued that the most obvious purpose behind this disqualifying factor is to prevent the trial court from initiating a rehabilitation program when the defendant might still be sentenced in another courtroom for a crime, the circumstances of which the present sentencing judge might have no knowledge.*" (Emphasis added.) *Braje*, 130 Ill. App. 3d at 1060-61.

Unlike in this case, *Braje* involved a coordinated sentencing proceeding. See also *People v. Myers*, 36 Ill. App. 3d 458, 463 (1976) ("where two or more charges are being disposed of in the same sentencing proceeding, neither of these charges constitute[s] 'other criminal charges pending' "). Given the above rationale, *Braje*'s holding does not extend to cases where sentencing proceedings are pending in a different court. Nor does the fact that the Kane County charge was resolved only a few days after defendant was sentenced in this

case affect the conclusion that felony proceedings were pending at the time of sentencing, thereby disqualifying defendant from electing treatment.

Defendant also points out that, by the time she moved for reconsideration of her sentence in mid-December 1997, the Kane County forgery charge was no longer pending in any relevant sense. The resolution of that charge, however, was not a proper basis for reconsideration of defendant's sentence. In *People v. Vernon*, 285 Ill. App. 3d 302 (1996), a decision that neither party has cited, this court observed that "[w]hen ruling on a motion to reconsider a sentence, the trial court should limit itself to determining whether the initial sentence was correct; *it should not be placed in the position of essentially conducting a completely new sentencing hearing based on evidence that did not exist when defendant was originally sentenced.*" (Emphasis added.) *Vernon*, 285 Ill. App. 3d at 304. In accordance with this reasoning, we conclude that, if defendant's sentence was proper when entered, she was not entitled to a new sentencing hearing because she subsequently became eligible to elect treatment, and she cannot employ a motion for reconsideration for this purpose. Defendant had no right to elect treatment after being sentenced. The trial court did not err in failing to advise her of a right she did not have.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.